STANTON EDDY *vs.* EDWARD COCHRAN.

A party appellant, against whom an affirmance of the judgment has been obtained by the appellee; without notice, and in violation of an agreement to arbitrate the matter, and not carry up the appeal, will be relieved on *audita querela,* though he do not aver in his complaint, that he had a good defence to the original action.

The complaint, not being a declaration upon the contract or agreement, the latter is competent evidence in support of the former, though the one do not set forth all the material facts contained in the other.

Where issue is joined upon a replication, which does not traverse material facts contained in the plea, evidence in support of the facts pleaded, but not traversed, is inadmissible.

A verdict set aside and a repleader awarded, because of the immateriality of the issue joined.

AUDITA QUERELA.—*Stanton Eddy* and *Edward Cochran* having each obtained a judgment against the other before a justice of the peace, and appealed their respective actions to the county court, to be holden at *Bennington,* on the first Monday of December, 1820, previous to that day entered into a written agreement to take their actions out of court, and submit them to the arbitrament and award of *Eli Pettibone,* and *Luther Stowell,* with power to choose an umpire; the said arbitration to be held on a day subsequent to the session of the county court. And if either party refused, he was, by the terms of the contract, to forfeit and pay to the other fifty dollars, within three months from the date thereof. On the eighth day of the session of the county court, *Cochran* entered the copies in the action in his own favour against *Eddy,* in the county court, and procured the judgment to be there affirmed, for $16,03 damages, and $14,59 costs; prayed out execution thereof, and put it into the hands of the sheriff.

*Eddy,* thereupon prayed out this writ of *audita querela,* setting forth, among other things, that in consideration that he would not enter said appeal, the said Cochran had agreed to submit the said action (*Cochran* vs. him) to arbitrators, &c. and that in consequence of said agreement, he did not enter said appeal. And complaining that the said Cochran had entered and procured the affirmance of said judgment in violation of said agreement, and without his knowledge or consent, and threatens him with execution. He then avers, that he has had no day in Court wherein to plead the matters aforesaid, and prays that the said judgment may be vacated, &c.

Bennington,
February,
1826.

Eddy
vs.
Cochran.

To this complaint, *Cochran* pleaded two pleas. In the first, he denied the submission, and the affirmance of the judgment without the knowledge and consent of Eddy. To which issue was joined. The second plea was as follows:

And for further plea in this behalf, by leave of the Court, first had and obtained, the said *Cochran* says that the said Eddy ought not to have relief in the premises, because he says that true it is that he the said *Cochran* recovered judgment against him the said Eddy, and an appeal was therefrom taken to said county court, as set forth in his complaint, and that they agreed to submit to the arbitration and final determination of *Eli Pettibone*, and *Luther Stowell*, as set forth in part in said complaint; yet the said *Cochran* further says that said Eddy was to notify the said *Eli*, and said *Cochran* was to notify the said *Luther* of their agreement aforesaid, and procure them to take upon themselves the burthen of hearing, determining and awarding in the premises; and afterwards, to wit, at Winhall, on the 1st day of December, 1820, and before the sitting of said county court, he the said *Eddy* having applied to said *Eli* to accept said appointment, and thereupon informed said *Cochran* that said *Eli* refused to take upon himself the burthen of arbitrating in the premises, the said *Cochran* thereupon offered to agree upon some other person, to whom he would agree to submit the premises, in the room of said *Eli*, which the said *Eddy* neglected and refused to do; whereupon said *Cochran* notified said *Luther* not to attend upon said arbitration, and whereupon the said *Cochran* afterwards, and before the sitting of said county court, informed the said *Eddy* that he would not submit the premises to arbitration, as the said *Eli* would not hear and determine the same, and requested him the said *Eddy* to take out his said appeal and enter said cause in said county court, and that if he the said *Eddy* neglected so to do, that he the said *Cochran* should enter the copies of said judgment and have the same affirmed, agreeable to the statute in such case made and provided.

And the said *Eddy* neglecting to take out the copies of said process and judgment thereon, as requested, he the said *Cochran* took out the same, and at Bennington aforesaid, during the session of said county court, to wit, on the 8th day of December, 1820, at Shaftsbury, in said county, offered them to said *Eddy*, and that he might then enter his appeal in said county court, the same as on the first day of said December term, to which said appeal was taken, which offer the said *Eddy* neglected and refused to comply with, or enter his appeal and have a trial in said cause; whereupon said *Cochran* entered the copies of said judgment, and by the consideration of said county court had the same affirmed, with interest and additional cost, agreeably to law: and this he is ready to verify, &c.

To this plea the complainant replied, That from any thing contained in that plea, he the said *Eddy* ought to have relief in the premises, because he says that, at Winhall, on the 1st day of December, 1820, and before the sitting of said county court, the

Bennington,
February,
1826.

Eddy
vs.
Cochran.

said *Eli* did not refuse to accept said appointment, and said *Eddy* did not thereupon inform the said Cochran that said *Eli* refused to take upon himself the burthen of arbitration in the premises, as the said *Cochran* in his said further plea hath alleged, and of this the said *Eddy* puts himself on the country for trial.

And on this replication, the defendant joined issue.

On the trial, the complainant in support of his complaint, under the first issue, offered in evidence to the jury, the written agreement to submit the said two causes to arbitration, which was objected to by the defendant, on the ground of variance, but was admitted by the Court.

The defendant, in support of the *second* issue, on his part, offered to prove, by witnesses on the stand, that before the affirmance of said judgment, the defendant notified and requested the plaintiff to take the copies of said appeal and enter them in said county court, and as there could be no arbitration, have a trial in the cause appealed if the plaintiff wished a trial, and actually offered him the copies for the purpose aforesaid, and informed that if he the plaintiff did not enter the appeal, he the defendant should enter the same for affirmance, which the plaintiff refused to do. Which evidence was overruled by the Court as immaterial, to which opinions of the Court the counsel for the defendant excepted.

A verdict being returned for the complainant, the defendant moved,

1st. That the verdict be set aside and a new trial granted, for the matters excepted to, on the trial.

2d. That the verdict on the second issue be set aside, and a repleader awarded, because of the immateriality of the said issue.

3d. That the judgment be arrested, for the insufficiency in law, of the matters set forth in the complaint.

And now, at this term, the several motions were argued together, and the following opinion of the Court was pronounced by

HUTCHINSON, J. *Eddy* has brought his *audita querela*, complaining that *Cochran*, having recovered a judgment against him, from which the complainant appealed to the county court, agreed to submit the action to arbitrators, naming them, the hearing to be at a day after the session of the court to which the appeal was taken; and yet entered the action by complaint, and procured an affirmance of the judgment, and took out his execution, &c. *Cochran* has plead two pleas, upon which issues have been taken and found by the jury for the complainant, *Eddy.* The action is brought before this court upon exceptions taken at the trial, and a motion for a repleader, and a motion in arrest.

It is contended, on the motion in arrest, that the complaint is bad, because it sets forth no good defence to the original action. The Court consider the complaint well enough in this respect, because it sets forth that the complainant had not his day in

46

Eddy
*vs.*
Cochran.

Court, because of the mutual agreement to arbitrate, in violation of which, he complains *Cochran* obtained the affirmance of his judgment.   In deciding this motion, those facts must be taken as true ; and if true, they entitle the complainant to relief, were there no other point in the defence.

Two points are agitated, which arise on the exceptions taken at the trial.   The first is the variance between the contract set forth, and the written contract adduced in evidence.   It is true the written contract is broader than the contract set forth in the complaint.   Two actions were submitted, while the complaint speaks of one only.   But the complaint does not attempt a declaration upon the written contract.   It alleges that certain things were agreed, &c. and proceeds to show why he did not enter his appeal, and as much of the written contract as proves these allegations was as properly admitted as if the whole contract had been spread upon the complaint; and there being other things or other considerations in the writing does not constitute a variance, while a part of the writing does comport with the allegations in the complaint.

2d.  By the exceptions, it appears that certain evidence, offered to prove the second issue, was excluded.   This would have been proper evidence, if offered under the first issue, or if the second issue had consisted of a traverse of the whole plea in bar. But that part of the plea in 'bar which would have been proved by the excluded testimony, was not traversed, and the same testimony was not pertinent to the part of said plea in bar which was traversed.   The testimony was, therefore, properly excluded.   This leads to a consideration of the motion for a repleader, and here we cannot but notice the loose state of the pleadings. They are particular, long and multifarious.   The Court cannot see why the general plea of not guilty would not have put the complainant upon the proof of his whole complaint, and let in the whole defence attempted by the defendant.   Trials have been had upon such an issue, without objection, and · it is not easy to conceive of any objection that could arise.   The complaint charges that the defendant has done things that are wrong ; has tortiously obtained a judgment and execution.   The defendant says he is not guilty—that is the real question to be tried.   But this plea in bar is so multifarious, so little in the style of a plea in bar in an action at law ; so much more like an answer in chancery, a suggestion has been made whether judgment ought not to be rendered for the complainant upon the .verdict, as taken upon the first issue, without regarding the second plea at all.   But, upon full consideration, and as the second plea is not demurred to specially, on account of duplicity, we consider it as containing some matters of substance that ought to have been met by a traverse, if a traverse were taken to any part of it.   The plea sets forth, that the defendant notified one of the arbitrators, and informed the complainant, that said arbitrators would not act upon the business submitted, and he gave notice to the complainant that he the defendant would not ar-

bitrate, and requested him to enter his appeal, &c. There is no traverse of this withdrawing the submission and notice, &c. but only of the refusal to act as arbitrator, and notice of the same to the complainant. This traverse is wholly immaterial, for the defendant had a right to withdraw his submission and pay his fifty dollars, according to the terms of the written agreement, and if the appellant had seasonable notice of the revocation, with liberty to enter his appeal, he should not content himself with such a traverse as he has made in this case.

*Bennington,*
*February,*
*1826.*

*Eddy*
*vs.*
*Cochran.*

> The Court, therefore, consider the plea in bar as not met by a material traverse, and set aside the verdict, and award a repleader.

SKINNER, Ch. J. absent.

*Calvin Sheldon,* for the complainant.

*Leonard Sargeant* and *C. Langdon,* for the defendant.