### JESSE PIKE *v.* HARRY HILL.

The judgment of a justice court, rendered after the suit has been discontinued by the failure of the parties to attend on the day appointed for the holding of the court, will be set aside by *audita querela.*

The justice record cannot be contradicted by parol proof.

AUDITA QUERELA, to set aside the judgment of a justice of the peace rendered on the 12th of September, 1840. On the trial in the county court, it appeared that the writ in the original action was served by attachment of property, Pike the defendant, being out of the state; and that the court was set at the justice's house, on the 25th of July, and the cause continued from time to time, until the 22d of August, for notice to the defendant. On that day, as appeared from the record of the justice, neither of the parties appeared, and he took no notice of the suit, until the day following, when, at the special instance of Hill, the plaintiff, he ordered the cause to be continued to the 12th September, at which time judgment was rendered against Pike, by default.

The record of the justice having been admitted, the defendant offered to prove, by parol, that said record was false,

GRAND ISLE, for that he did appear before said justice on the said 22d of
January,
1843.    August, and that said cause was continued by said justice

Pike    on that day.    This evidence was objected to, and excluded
v.    by the court; and thereupon judgement was rendered for
Hill.    the plaintiff.    The defendant excepted.

———— ————, for defendant.

G. *Harrington*, for plaintiff.

The opinion of the court was delivered by
REDFIELD, J.—It has often been decided by this court
that where judgment is rendered by a justice in a suit after
it has been, in any manner, discontinued, the same will be
set aside by *audita querela*.   *Brown* v. *Stacy*, 9 Vt. R.
118; *Phelps* v. *Birge*, 11 Vt. R. 161; *Crawford* v. *Cheney*, 12 Vt. R. 567.   A suit may be discontinued by the absence of the court, or of the parties.   The latter appears,
from the record, to have been the fact in this case.   The suit
was, therefore, discontinued on the 22d of August, and, consequently, the judgment rendered on the 12th of September is void.

The evidence offered to contradict the record of the justice was properly rejected.   It was held by this court, in the
case of *Barnard* v. *Flanders*, 12 Vt. R. 657, that the record of a justice of the discontinuance of an action was
conclusive, though that was in a suit against the justice in
which the record was used in his defense, and in which he
was directly interested to make, as it was alleged he did, a
false record.   *A fortiori*, such record should be conclusive
in this case.

Judgment affirmed.