Paddleford v. Bancroft et al.

THOMAS J. PADDLEFORD v. CARLOS BANCROFT AND GEORGE P. RIKER.

When *audita querela* is brought, alleging the fraudulent misconduct of the party in obtaining a judgment, the judgment itself cannot be regarded as an estoppel upon the inquiry, but the whole subject is necessarily open to examination, as a mere matter *in pais*. Therefore, in such case, the party seeking to impeach the judgment may give in evidence the original files in the former case, and may call as a witness the justice of the peace, who rendered the judgment, to prove the manner in which the minutes upon the files were made, and by whom they were made.

If a case be continued without the appearance of the defendant, and without his consent, and with no statutory or other legal ground for such continuance, it operates a discontinuance, and no legal judgment can thereafter be taken in the case without the consent of the defendant, and if a judgment be taken, after the suit is so discontinued, it will be vacated by *audita querela*.

The continuance of a suit from term to term, without the consent of the defendant, or other just cause, does always discontinue the suit.  REDFIELD, J.

Where a creditor commenced a suit against his debtor during the pendency, in the district court, of the application of the debtor for his discharge under the bankrupt act of 1841, and the debtor had personal notice of the suit, but neglected to appear at the return day of the writ, and thereupon the creditor, for the purpose of evading the effect of the certificate of discharge, when obtained, without legal cause, and without the consent or knowledge of the debtor, caused the suit to be continued from time to time, until after the debtor had obtained his certificate, and then procured a judgment to be entered by default, it was held, that the judgment thus obtained would be vacated upon *audita querela*.

*Paddleford v. Bancroft et al.*

Audita Querela, to vacate the judgment of a justice of the peace. It was alleged in the first count in the declaration, that the complainant, on the sixth day of September, 1842, preferred his petition to the district court of the United States for the district of Vermont, praying for the benefit of the bankrupt act of 1841, and was, on the sixth day of October, 1842, duly declared a bankrupt, and on the twenty second of June, 1843, received his certificate of discharge; that Bancroft & Riker, on the eighteenth of March, 1843, sued out a writ in their favor against the complainant, in an action upon book account, returnable, March 29, 1843, before Azel Spalding, Esq., a justice of the peace; that service of said writ was made upon the complainant personally, but that he did not appear at the return day, and supposed that therefore judgment would then be rendered against him by default; but that Bancroft & Riker, with intent to deprive the complainant of his just rights and to defeat the effect of the bankrupt act, corruptly procured the said justice to continue the suit from time to time until the twenty third of June, 1843, and then to enter judgment against the complainant by default;—all which was without the knowledge, or consent, of the plaintiff; and it was alleged, that an action of debt had been commenced against the complainant upon said judgment. In the second count it was alleged, that judgment in the original suit was rendered against the complainant, by default, at the return day of the writ, and that afterwards Bancroft & Riker, to deprive the complainant of his just rights under the bankrupt act, procured the justice to enter the suit continued from time to time until the twenty third of June, 1843, and then to render a pretended judgment against the complainant by default. In other respects the second count was similar to the first count. Plea, the general issue, and trial by jury, September Adjourned Term, 1849,—Redfield, J., presiding.

On trial one count was read by the plaintiff to the jury, and the substance of the other was stated, before any testimony was given. The plaintiff then gave in evidence a copy of the record of the justice's judgment, rendered June 23, 1843, described in his declaration; also the petition of the plaintiff for the benefit of the bankrupt act, dated September 6, 1842, the decree of bankruptcy thereon, dated October 6, 1842, and the certificate of his discharge in bankruptcy, dated June 15, 1843. The plaintiff then offered in evidence

the original writ in the suit in favor of the defendants against him, containing the entries of the continuances and default and of the amount of the judgment thereon; to which the defendants objected; but the objection was overruled by the court. The plaintiff then offered as a witness Azel Spalding, the justice who rendered the judgment sought to be vacated, to prove how said suit came to be continued and who made the entries of the continuances and default on the original writ, and to prove his usual manner of doing business as a justice. To the admission of the witness for this purpose the defendants objected; but the objection was overruled by the court. This witness testified, that the entries of the continuances on said original writ were in the hand writing of the defendant Riker, and that the word "default" and his own name to said continuances were in the hand writing of the witness; that he usually directed the party, for whom he did business as a justice, or his attorney, to make such entries for his own convenience, and he, as justice, signed the same; that he presumed, that the suit was continued regularly, as it appeared upon the writ, and that the entries thereon were made by his direction and signed by him at the time, and that the suit was defaulted by him on the twenty third of June, 1843; that he had no recollection respecting said·suit, either as to the reason for the continuances, or whether Bancroft & Riker requested him to continue it, but that he always allowed the plaintiff to enter a cause continued, when the defendant did not appear, if he chose, as they knew more of their own business than he, the witness, did. J. A. Vail was then called as a witness by the plaintiff, who testified, that he was counsel for the plaintiff in his proceedings in bankruptcy, that he recollected, that while those were pending the plaintiff was sued by some of his creditors, but that he did not recollect, what the plaintiff said about the suits; and that the plaintiff at that time resided in Middlesex, and was about there. This was all the testimony on the part of the plaintiff.

The defendants then proved, that the hearing upon the petition of the plaintiff for his discharge in bankruptcy was appointed for the eleventh of January, 1843; that E. P. Jewett proved his debt against the plaintiff, in the district court, on the tenth of January, 1843, and filed his objections to the discharge of the plaintiff on the ground of a fraudulent concealment by him of his property; that an

order was granted by said court for the personal examination of the bankrupt, on motion of said Jewett, upon his objections; that on the ninth of June, 1843, Jewett not having proceeded with his objections, the plaintiff filed a motion in the district court for his discharge; and that his discharge was granted on the fifteenth of June, 1843.  This was all the testimony on the part of the defendants.

The defendants claimed, that, on this state of facts, the justice had a right to continue the original suit, as stated in his record, and that the judgment was valid, and that the court should so instruct the jury.

But the court charged the jury, that they were to inquire, whether the defendants brought their original suit, returnable March 29, 1843, and then, of their own mere motion, without any agency, or order, of the justice, entered it continued from time to time, until after the plaintiff had received his discharge in bankruptcy, and then entered a default and obtained the signature of the justice, in order to defeat the operation of the plaintiff's discharge,—the plaintiff supposing, at the time, that he been defaulted at the return day of the writ; that the legal presumption is in favor of the regularity of the proceedings, as they appear on their face, and that the continuances were for good cause,—but that this might be rebutted by proof; and that, if they were satisfied, that the plaintiff was at home, and had notice of the suit, and that the defendants knew this and had the continuances entered for the mere purpose of defeating the operation of the plaintiff's discharge, or if, as alleged in the second count, the case was in fact defaulted at the return day of the writ, and after the discharge the defendants entered the continuances upon the files, so as to have it appear, that the default was at a later day, and procured the justice to adopt the entries as his record, in either case the plaintiff was entitled to recover, and otherwise not.

Verdict for plaintiff.  Exceptions by defendants.

After verdict the defendants moved in arrest of judgment, for the insufficiency of the declaration; but the court overruled the motion, and rendered judgment for the plaintiff; to which decision the defendants also excepted.

Paddleford *v.* Bancroft et al.

*J. A. Vail* for defendants.

1. The original files of the justice were improperly admitted in evidence. *Strong et al.* v. *Bradley*, 13 Vt. 9. *Nye et al.* v. *Kellam*, 18 Ib. 594.

2. Spalding, the justice, was improperly admitted as a witness to explain the reason of his judicial action and to contradict, or impeach, his own record. The record of a justice judgment cannot be falsified, explained, or impeached, by parol. *Martin* v. *Blodgett et al.*, 1 Aik. 375. *Spalding* v. *Chamberlin*, 12 Vt. 538. *Barnard* v. *Flanders*, 12 Ib. 657. *Pike* v. *Hill*, 15 Ib. 183. *Wheeler* v. *Lathrop*, 4 Shep. 18.

3. The defendants were entitled to the charge requested. The plaintiff having notice of the justice suit, the whole case really depended upon a question of law, as to the right of the magistrate to continue the case. The statute authorized him to continue it at any stage of the proceedings, and to any time not exceeding three months. Rev. St. 171, sec. 18. *Griffin* v. *Spalding*, 6 Vt. 60. The reasons for continuing a cause, where the defendant does not appear, are numerous. It is a practice sanctioned by a standing rule in the county court; and this court will not inquire of another court the reason of its action, where it has the power. The allegations of fraud and corruption are of no force and were not supported by any proof. Where the act is legal, the motive is immaterial. *Humphrey* v. *Douglass*, 11 Vt. 24. There being no material fact for the jury to pass upon, it was error to permit the case to go to them. *Barnard* v. *Flanders*, 12 Vt. 657. There was no evidence to sustain the second count. The parol and record evidence was all against it.

4. The instructions to the jury should not be sustained. 1. Because it was left to the jury to find whether the defendants entered the justice suit continued of their own mere motion, without any agency or order of the justice,—when there was no evidence tending to show that fact. *Manwell* v. *Briggs*, 17 Vt. 176. 2. Because the county court instructed the jury, that, where a cause has been continued, parol proof might be received to show that there was no good cause for the continuance. 3. Because the jury were told, that if the defendants procured the continuance of the suit to defeat the effect of the plaintiff's discharge, the plaintiff had made

out a case,—when the evidence had no tendency to show that fact, and the defendants had a right to ask for a continuance, and the continuance was the act of the court, for which *audita querela* will not lie. 4. The charge, so far as it refers to the second count, was erroneous. All the evidence in the case tended to negative the facts put to the jury to find. 5. The court should have told the jury, that all the allegations and proof, relating to the alleged misconduct of the justice, were of no importance and could have no force to enable the plaintiff to sustain this action. *Little* v. *Cook*, 1 Aik. 363. *Eddy* v. *Cochrane*, Ib. 359. *Dodge* v. *Hubbell*, 1 Vt. 491. *Titlemore* v. *Wainwright*, 16 Vt. 173. *Betty* v. *Brown*, Ib. 669. *Spear* v. *Flint*, 17 Vt. 497.

As to the motion in arrest :—The first count sets out nothing, for which this complaint can be sustained. The general charges of fraud have no bearing on this question. *Dodge* v. *Hubbell*, 1 Vt. 491. The continuances complained of were the act of the court. The plaintiff had notice and could have appeared, if he desired. His neglect to appear, or his expectation of being defaulted, did not make the acts of the justice void. The second count is bad, also. This alleges fraudulent and corrupt conduct in the magistrate, in his judicial capacity. No court should permit such a declaration to be read or a judgment to be rendered upon it. *Middletown* v. *Ames*, 7 Vt. 166.

*Peck & Colby* and *F. F. Merrill* for plaintiff.

1. Where a good matter of defence has accrued since the judgment, or before the judgment, and the party is deprived of the opportunity to plead or prove it, by the fraud or collusion of the other party, the party so injured will be relieved by *audita querela*. 3 Bl. Com. 405. *Stanford* v. *Barry*, 1 Aik. 321. *Barrett* v. *Vaughn*, 6 Vt. 244. *Lovejoy* v. *Webber*, 10 Mass. 103. The jury have found, that the defendants entered the continuance on the writ deceptively, so as to have the default appear of a date after the discharge, and thus deprive the plaintiff of the benefit of the bankrupt act. This was an imposition on the court, for which this is the remedy ; *Little* v. *Cook*, 1 Aik. 363; and a fraud on the plaintiff, for which this is the *only* remedy. *Supra*.

2. By law, judgment by default should have been entered against

Paddleford *v.* Bancroft et al.

this plaintiff on the return day; and the plaintiff had a right to rely upon that, without appearing and moving the court for the privilege; and the continuance is itself such a fraud on the plaintiff, as entitles him to relief in this form. *Carrington v. Holabird,* 17 Conn. 531. No other reason for the continuance can be intended, and none was proved;—it could not have been continued for notice,—as for that purpose it could only be continued one month; Rev. St. 172, sec. 25; besides it was shown, that the plaintiff was at home in Middlesex, and not out of the state, and that known to the defendants.

The opinion of the court was delivered by

REDFIELD, J.   The first question made in the present case, that the files in the former .case between the parties were admitted in evidence in this case, together with the minutes made thereon and signed by the justice, and also the second objection, that the justice was improperly admitted to testify in relation to the manner of such minutes being made and by whom made, seem based upon the same general ground, viz., that the judgment is conclusive and not to be examined.   But it seems tous, that when *audita querela* is brought, alleging the fraudulent misconduct of the party in obtaining a judgment, the judgment itself cannot be regarded as an estoppel upon the inquiry.   If so, the remedy would in most cases be wholly unavailing.   The conclusiveness of a judgment only extends to *collateral* attacks.   When process is brought *directly* upon the judgment, whether by way of bill in equity, claiming a new trial, or a perpetual injunction, on the ground of the misconduct of the party in obtaining the judgment, or on petition for new trial, or on petition for rehearing, under our statute, or in cases like the present, the whole subject is *necessarily* open to inquiry, as a mere matter *in pais.*

In many cases of *audita querela,* which have been determined by this court against the sufficiency of the judgments of inferior courts, when those judgments have been reversed and vacated and the parties placed in *statu quo ante bellum,* an objection of the character above alluded to, if sustained, must have precluded all inquiry. *Eddy v. Cochrane,* 1 Aik. 359, in effect decides this; and the following cases are full authority upon this point, *Brown v. Stacy,* 9 Vt. 118; *Phelps v. Birge,* 11 Vt. 161; *Crawford v. Cheney,* 12 Vt.

567.   In *Pike* v. *Hill*, 15 Vt. 183, something is said, which is calculated to give the impression, that the court hold a judgment, which is attempted to be vacated by *audita querela*, equally conclusive, as against that remedy, as when attacked collaterally.   But that point was not then before the court.   The record of the court below, in that case, showed the defect complained of, and the other party offered to show, that the record was false in that particular, for the purpose of sustaining the judgment, and the court held, that the party must be bound by the record as it stood.   This is no doubt true in all cases.   It involves an absurdity, a solecism indeed, to *sustain* a judgment, or record, by showing its *falsity*.   The sufficiency of all records is to be determined upon inspection; and, if not sufficient upon their face, they cannot be eked out by parol evidence.   But that question is wholly distinct from that of the conclusiveness of a judgment, when process is brought *directly* upon it ; and this distinction is not sufficiently adverted to, by me, in the case last named.

If this case were really continued, without the appearance of the the defendant, and without his consent, and with no statutory or other legal ground for such continuance, then it was, in strictness, *discontinued*, and no legal judgment could thereafter be taken in the case, without the consent of the defendant ; and if one be taken, after the suit is so discontinued, it will be vacated by *audita querela*, as has been repeatedly decided by this court.   This point was expressly ruled in *Pike* v. *Hill, supra*, and indeed in most of the cases above cited.   So that the continuance of a suit from term to term, without the consent of the defendant or other just cause, does always discontinue the suit.   And this is always, in contemplation of law, the act of the plaintiff.   If the plaintiff choose to keep his suit upon the docket from term to term by continuances, it is a matter into which the court never looks.   That is matter of course and always of mere routine, if indeed it be not provided for, by the general rules, to be entered by the clerk, without coming, in form even, to the knowledge of the court.

But especially when it is shown, that no good reason did exist for these continuances, and that a corrupt, or interested and unlawful one was apparent, and which was fully adequate to produce the result, it would be unphilosophical, we know, not to attribute the re-

Paddleford *v.* Bancroft et al.

sult to the *adequate cause.* And in the present case, in addition to the legal discontinuance of the cause, by carrying it forward in court, by continuances without cause, the effect of having the judgment bear so late a date is to deprive the defendant of a sufficient legal and equitable defence, which would have been conclusive in his favor, unless impeached for fraud, had the judgment borne its proper date. We think, then, that the defendant has thus, in effect, been as truly deprived of his day in court, his reasonable opportunity to make defence, as if he had never known of the day of court, in the first instance, as in *Stone* v. *Seaver,* 5 Vt. 549, or as if he had in any other mode been deprived of his proper day in court, by the fraud and circumvention of the other party, which has always, in this state, been held sufficient ground to vacate the judgment, so obtained, upon *audita querela,*—which in similar cases, in other states and in England, is more commonly done in the court of chancery perhaps. The case cited from 17 Conn. 531, seems to run with the present *quatuor pedibus.*

The charge to the jury seems to us entirely correct and in accordance with the principles above stated. And for the same reasons, the motion in arrest was properly overruled.

Judgment affirmed. ·