HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

#### HENRY B. PERKINS *v.* JESSE COOPER.

*Audita querela. Pleading.*

*Audita querela* may be maintained to set aside the judgment of a justice taken, by default, after an agreement to discontinue the suit, or after negotiations from which the defendant understood that it was so agreed, the plaintiff knowing that the defendant so understood it.

An averment, in a writ of *audita querela*, that the complainant, believing that the suit would not be entered in court, did not attend to defend the same, and that thereupon the defendant fraudulently procured judgment by default, *held*, after

verdict, as equivalent to an allegation that the complainant absented himself from the trial under the expectation and confidence that the suit was to be discontinued, and that the defendant, knowing that he acted upon that confidence, procured the judgment by default.

AUDITA QUERELA to set aside a judgment rendered by a justice of the peace in favor of the defendant, against the complainant, by default. The complaint alleged that the writ in said suit, made returnable before Joseph Higgins, Esq., justice of the peace, on the 5th of June, 1846, was served on the complainant on the 18th of May, 1846; and that on the 19th of May the parties in interest agreed to submit the subject matter of it to arbitration, &c.; and that "the said Perkins, believing said suit would not be entered in " court, did not attend to defend the same, and the said Perkins " was then and there, by the fraudulent procurement of the said " Cooper, by the said justice Wiggins three times called in open " court, and, not appearing to answer to said action, was defaulted " by said court, and the said Cooper fraudulently procured the said " justice Wiggins to render up a judgment against your complain- " ant and in favor of the said Cooper for," &c. Plea, the general issue; trial by jury, June Term, 1855,—UNDERWOOD, J., presiding.

The complainant introduced in evidence certified copies of the writ, judgment, &c., described in his complaint, with testimony tending to prove that one Solomon Steele was the party in interest as defendant in that suit, upon whom the complainant relied to attend to it, paying no attention to it himself after notifying Steele of its commencement; and that, a few days after the suit was commenced, the defendant and Steele agreed to submit said suit, and the subject matter of it, to the arbitrament of J. L. Edwards and E. G. Johnson, and that the suit should be discontinued; the defendant promising to abide by the award, and Steele promising to pay whatever should be awarded in the defendant's favor. There was conflicting testimony upon this point, as to the extent of the submission, and also in reference to the proceedings before, and the award of the referees, which, under the view taken by the supreme court, it becomes unnecessary to detail. The defendant insisted that if Steele promised to pay the award, he would not be legally liable to do so, and that, therefore, the defendant's agreement to submit and abide the award, was void, for want of consideration.

The court charged the jury that the complainant, in order to entitle him to recover, must prove that the defendant and Steele made an agreement to submit the defendant's account to the arbitration of Edwards and Johnson, and that the defendant agreed to abide by their decision, and that Steele promised to pay the defendant whatever should be awarded him, and that, if the jury found that the defendant and Steele agreed to submit, and that it was agreed that the suit should be discontinued, or if they believed Cooper understood that Steele undersood and supposed, from what was said, that the suit would be discontinued, then that Cooper was not justified in taking the defaults, and the plaintiff would be entitled to recover nominal damages; and, to determine this question, the jury were at liberty to consider all the evidence and acts and sayings of the parties, both before and after the time of the reference. This evidence, and the acts and sayings referred to, were detailed at great length in the bill of exceptions, but are omitted here for the reason above suggested. Verdict for the complainant. Exceptions by the defendant.

*Cooper & Bartlett* for the defendant.

1. The cause of action in this case originated in the alleged contract to submit, and its breach. If there was no contract, then there is no cause of complaint. The contract must be proved as laid; *Wright* v. *Gear*, 6 Vt. 151; *Vail* v. *Strong*, 10 Vt. 457; *Bristow* v. *Wright*, 2 Doug. 665.

2. The defendant's account, on which the suit was brought, was the just debt of the plaintiff individually, and of no one else. The promise to the defendant to submit, and abide the award, was not a binding obligation, because it was without consideration, Steele's promise to pay the award being void by the statue of frauds; Comp. Stat. 389; *Harrington* v. *Rich*, 6 Vt. 666; 2 Starkie's Ev. 544; *Matson* v. *Wharram*, 2 T. R. 80; *Anderson* v. *Davis*, 9 Vt. 136; Roberts on Frauds 210 to 225; Chitty's Contracts 202–204.

3. A submission of a cause pending, with a promise to abide the award, no security being given to pay the award, does not operate to discontinue the suit; but the suit may be prosecuted to final judgment; *Hayes* v. *Blanchard*, 4 Vt. 210; *Sutton* v. *Tyrrill*, 10 Vt. 87.

*J. H. Prentis* and *Peck & Colby* for the complainant.

Whether Steel's agreement to submit, and perform the award was, in law, binding, is not material. The question is, did Cooper, by his promise to submit and abide the award, and discontinue his suit, so far impose on the confidence of Steele and the plaintiff, that he thereby became enabled to, and did quiet them in relation to the suit, and take advantage thereof to deprive the plaintiff of his day in court, thus *fraudulently* procuring the judgment. The jury find that he did. For this, the judgment should be set aside. *Eddy* v. *Cochrane*, 1 Aik. 359 ; *Hayes* v. *Blanchard*, 4 Vt. 210.

The opinion of the court was delivered by

REDFIELD, CH. J. The county court made this case finally turn upon a single point, whether the justice judgment, sought to be set aside, was taken when the present plaintiff supposed the suit would be discontinued, and when this defendant knew that was his expectation ; or in other words, when the parties had agreed the suit should be discontinued.

If this point properly arises upon the declaration, it seems to us decisive of the case. For no principle is better settled, perhaps, than that a judgment entered up in a justice court, under such circumstances, may be vacated upon *audita querela*. It is regarded as obtained by mere fraud. And whether Steele's promise to submit was direct and absolute and original, or only collateral ; or whether an action could have been maintained upon it, and if so, whether the whole debt could have been recovered by way of damages, is not important. If Cooper knew that Steele relied upon the submission as a discontinuance of the suit, it was none the less a fraud in him to take judgment upon his claim in violation of such confidence, because his reliance upon the arbitration was not a sufficient security for his debt. It was his folly to make such an arrangement. But having made it, he was no more at liberty to violate its true spirit because it was unequal. This inequality might have been good ground for inducing a jury not to find the fact of his consenting to have the suit discontinued. But it was surely no ground for excusing the violation of the confidence created by the transaction.

We might possibly infer that the jury made rather liberal pre-

sumptions in regard to the understanding of the parties, or we might possibly think of some other suggestions which might properly enough have been made to the jury. But none of these are any sufficient ground for a new trial in the case upon exceptions. The only question is, whether the law was correctly stated to the jury. And we have said that it was.

II. Upon the point, whether the question submitted to the jury properly arises upon the declaration, it is alleged that the plaintiff believing the suit was not to be entered in court, did not attend to defend the same, and in consequence of such absence the defendant fraudulently procured judgment, by default. After verdict all presumptions are to be made in favor of the declaration, and of the construction adopted by the court and jury below. And especially is this to be done, where the particular objection now urged was not specifically stated at the trial. Under this view, we think the statement in the declaration is to be understood that the plaintiff absented himself from the trial under the expectation and confidence that the suit was to be discontinued, and that defendant, knowing that he acted upon that confidence, procured judgment to be entered by default. This was the very point submitted to the jury and being found by them is, we think, decisive of the case.

Judgment affirmed.