HENRY GODFREY AND HAZEN CAMPBELL *v.* CHESTER DOWNER, ADMINISTRATOR OF SOLOMON DOWNER'S ESTATE.

*Audita Querela. Competency of Witness under* § 24, *ch* 36, *Gen. Sts. Proof of Judgment. Evidence. Conclusievness of Record.* `

In *audita querela* to set aside a judgment for fraud, the judgment creditor being dead, the judgment debtor is not a competent witness.

In *audita querela* to set aside a judgment, brought against the administrator of the judgment creditor, a writ in favor of such administrator against the judgment debtor, declaring upon such judgment, and on file in the court in which the *audita* is pending, is competent evidence against such administrator, to prove the rendition of such judgment.

The record showed that the intestate brought suit against the complainants, "by attachment of their property, with notice," and judgment by default. *Held*, in *audita* to set aside the judgment, that the record was not conclusive, but that want of notice in fact might be shown.

AUDITA QUERELA. The declaration alleged the recovery of a judgment by the intestate against the plaintiffs, by default, at the May term, 1859, of Windsor county court; that the writ in said cause was never served upon the plaintiffs, or either of them, and that neither of them ever had any knowledge of the com-

mencement or pendency of said suit, and did not appear therein, and that no recognizance for a review was ever given therein; that said Godfrey was in the state of Wisconsin and not in the state of Vermont, from June, 1858, to May or June, 1860; that the plaintiffs had no knowledge of the rendition of said judgment until January, 1872, when the defendant, administrator as aforesaid, brought suit on said judgment against said Godfrey, returnable to the May term of said court, 1872, at which term it was duly entered, and was still pending; praying that said judgment be set aside, vacated, and held for naught. Plea, not guilty, and trial by jury, December term, 1874, BARRETT, J., presiding, and verdict for the plaintiffs.

For the purpose of showing that the defendant claimed that the intestate recovered a judgment against the plaintiffs as alleged, upon which the defendant had brought suit, the plaintiffs offered in evidence the original writ on file in the defendant's suit on said judgment against said Godfrey. The original writ in the suit in which said judgment was obtained, was not in the files, and was not produced, and there was nothing in the case to show what the service of that writ in fact was. To the evidence offered, the defendant objected, for that the rendition of said judgment should be shown by the record; but the court overruled the objection, and admitted the writ for the purpose for which it was offered; to which the defendant excepted.

The plaintiffs offered said Godfrey as a witness, to whom the defendant objected, for that the said Solomon Downer was dead. The court, *pro forma*, overruled the objection, and permitted him to testify; to which the defendant excepted. Said Godfrey testified, and gave other evidence tending to prove, that he was absent from the state at the time of the commencement of the suit in which said judgment was rendered, and remained absent until some time after judgment was obtained therein, and had no knowledge of the pendency of said suit. The plaintiffs then rested their case.

The defendant claimed and insisted that the plaintiffs must show the recovery of said judgment by the record, and that their case was not complete without such showing; but the court held that

the plaintiffs need not show the recovery of said judgment by the record; to which the defendant excepted.

The defendant then introduced the record of said judgment in evidence, which recited that the intestate brought suit againt the plaintiffs, " by attachment of their property, with notice," and showed the rendition of judgment therein by default. The defendant claimed that the plaintiffs were bound by the record, and could not show want of notice by parol; but the court held otherwise, and charged the jury, that if they found that the writ in said original action, was not served on Godfrey, and that he had no knowledge of the commencement or pendency of the suit until after judgment was rendered therein, that they should return a verdict for the plaintiffs; that the record was not conclusive, and that they should find the fact upon the evidence in the case. To this charge the defendant excepted.

*W. C. French,* for the defendant, insisted that the record was conclusive, and cited *Treasurer of Middletown* v. *Ames et al.* 7 Vt. 166 ; *Walker* v. *Briggs,* 11 Vt. 84 ; *Spalding* v. *Chamberlin,* 12 Vt. 538 ; *Barnard* v. *Flanders,* 12 Vt. 657 ; *Buck* v. *Rich,* 13 Vt. 595 ; *Pike* v. *Hill,* 15 Vt. 183 ; *Newcomb et al.* v. *Peck et al.* 17 Vt. 302. Also, that Godfrey was an incompetent witness, and cited Gen. Sts. ch. 36, § 24 ; *Fitzsimmons* v. *Southwick,* 38 Vt. 509 ; *Hollister, admr.* v. *Young,* 41 Vt. 156 ; s. c. 42 Vt. 403 ; *Cole* v. *Shurtleff & Tr.* 41 Vt. 311 ; *Roberts, admr.* v. *Lund,* 45 Vt. 82 ; *Wood, admr.* v. *Shurtleff,* 46 Vt. 325 ; *Downs* v. *Belden,* 46 Vt. 674.

*Wm. Hebard,* for the plaintiffs, insisted that Godfrey was a competent witness ; that this action had nothing to do with the original contract ; that if it was to be regarded as connected with the original suit, the case came within No. 31 of the acts of 1864 ; that, at all events, the cause of action was in no wise involved in this suit ; and cited *Manufacturers' Bank* v. *Schofield,* 39 Vt. 590. Also, that said writ was properly admitted in evidence, and cited *Paddleford* v. *Bancroft et al.* 22 Vt. 529. Also, that the plaintiffs were not concluded by the record, and cited *Lovejoy*

v. *Webber*, 10 Mass. 105 ; *Brackett* v. *Winslow*, 17 Mass. 158 ; *Marvin* v. *Wilkins*, 1 Aik. 107 ; *Little* v. *Cook*, 1 Aik. 363 ; *Stone* v. *Seaver*, 5 Vt. 549 ; *Stanley* v. *McClure*, 17 Vt. 253 ; *Comstock* v. *Grout*, 17 Vt. 512 ; *Alexander* v. *Abbott*, 21 Vt. 476 ; *Whitney et al.* v. *Silver*, 22 Vt. 634 ; *Kidder* v. *Hadley*, 25 Vt. 544 ; *Eastman & Paige* v. *Waterman*, 26 Vt. 494.

The opinion of the court was delivered by

REDFIELD, J.    This is a writ of *audita querela* to set aside an alleged fraudulent judgment in favor of the intestate against these plaintiffs.    The " cause of action " is the taking of a judgment against Godfrey, without personal service of the writ, when he was without this state.    Godfrey was admitted as a witness for the plaintiffs, against the defendant's objection.    Solomon Downer, the sole party plaintiff in the judgment alleged to have been fraudulent as to Godfrey, having deceased, we think that Godfrey is excluded as a witness, both by the letter and spirit of the statute. The exclusion of Godfrey as a witness, does not depend upon the character of his testimony.    He might be called to prove that Downer agreed with him to discontinue said suit, and afterwards took a judgment in fraud of the agreement, and of the plaintiffs' rights.    This, in the language of BENNETT, J., would not place the parties " on an evener."

II.    We think the writ counting upon this judgment, taken from the files of the court, was properly admissable as evidence, for the purpose for which it was offered.    And as the whole record of said judgment was finally put in evidence, and was before the court, the exceptions as to that matter cannot be sustained.

III.    The defendant claimed, and requested the court to charge the jury, that the record was *conclusive* that there was personal service upon Godfrey, and such as gave the court jurisdiction of his person.    The record recites that " Solomon Downer commenced his action against said Campbell and Godfrey, by *attachment of their property, with notice*."    This might be true as to the *attachment*, and no service of the writ upon Godfrey, such as would give the court jurisdiction of his person.    The distinction

between jurisdiction of property attached, and of the person of a defendant, is too familiar to the profession to be discussed. That Godfrey was without the state at the time of the attachment, and continued so until after the judgment, is not inconsistent with the record. But when a process is brought to inquire directly into, and correct or annul, a judgment for fraud, the inquiry is not to be baffled and the fraud covered, by any constructive conclusiveness of the record. *Paddleford* v. *Bancroft & Riker*, 22 Vt. 529. Ch. J. REDFIELD says in that case, " When process is brought directly upon the judgment, the whole subject is, necessarily, open to inquiry, as a mere matter *in pais.*" What limitations, if any, there may be in such inquiry, this case does not require us to discuss. We find no error in the ruling of the court as to the record, or in the charge to the jury.

Judgment reversed, and cause remanded.