JEANETTE L. KIMBALL v. RANDALL & DURANT.

*Audita Querela. Recognizance. R. L. s. 1415.*

1. A recognizance in the exact words of the statute R. L. s. 1415, is sufficient.
2. *Audita querela* will lie to set aside a judgment rendered by default, when the justice left the place of trial before the expiration of two hours, but with an understanding with the plaintiff's attorney that he should notify him, and that he would return, if the defendent appeared, and the attorney, without giving notice to the justice, soon after left his office, and in consequence thereof, the defendant, although she appeared, was deprived of a hearing and an appeal.

AUDITA QUERELA. Heard by the court, March Term, 1884, POWERS, J., presiding. Judgment that the justice judgment be annulled and set aside, and for complainant to recover one cent damages and costs. The court found that the original writ was returnable at the office of said Durant, August 14th, 1877, at nine o'clock, A. M.; that, about half past nine o'clock on the return day, the justice went to the office, entered on the files a default, and left, saying to the defendant Durant, (one of the plaintiffs and also attorney in the original suit) that if any one appeared within the two hours for the defendant, to notify him, and that he would return; and that the said Durant soon after left his office, first directing his student to remain there, and, if any appearance was made for the defendant in the suit, to notify him. The court also found that the defendant (complainant) with her attorney went to the said Durant's office soon after ten o'clock, A. M., and found it locked; that they watched the office door for about an hour but could gain no admittance; that, while said Durant acted in good faith, the result was, no notice was given to the justice that the complainant had appeared; and that she appeared, not for a trial, but to take an appeal to the County Court.

It was also found that several executions were issued upon

said judgment, but returned unsatisfied, and that the' complainant knew of the judgment in September, 1877. In 1883, an action on the judgement was commenced, the debt was secured by an attachment, and soon thereafter this proceeding was brought.

*L. L. Durant* and *George W. Wing*, for the defendants, cited 1 Wait Act and Def. 489; *Little* v. *Cook*, 1 Aik. 363; *Bennett* v. *Vaughn*, 6 Vt. 243; *Griswold* v. *Rutland*, 23 Vt. 374; *Brown* v. *Stacy*, 9 Vt. 118; *Peach* v. *Mills*, 13 Vt. 501; *Underwood* v. *Hart*, 23 Vt. 120; *Hall* v. *Safford*, 25 Vt. 87; *Blaisdell* v. *Stevens*, 16 Vt. 179; *Stafford* v. *Ballou*, 17 Vt. 329; *Lampson* v. *Bradley*, 42 Vt. 165.

*Heath & Carleton*, for the plaintiff, cited *Little* v. *Cook*, 1 Aik. 363; *Eddy* v. *Cochran*, Ib. 359; *Staniford* v. *Barry*, Ib. 321; Kerr Fr. pp. 68, 94.

The opinion of the court was delivered by

TAFT, J. I. The first question arises on the motion to dismiss. It is claimed that the recognizance given under *R. L. sec.* 1415, is defective. The recognizance was conditioned in the exact words of the statute, and was therefore sufficient.

II. The other question is on a motion in arrest of judgment. *Audita querela* bears solely upon the acts of the adverse party. *Little* v. *Cook*, 1 Aik. 363. It lies to vacate a judgment where the complainant was deprived of his day in court by the fraud of the defendant. *Eddy* v. *Cochran*, 1 Aik. 359. *See Weeks* v. *Lawrence*, 1 Vt. 437. The facts in this case, alleged and proven, were, that the justice was absent at the time and place of the return of the writ. It is true he called at the office, but soon left, and was to have been notified if the complainant appeared. It was the duty of Durant to so notify her; but he too, left the' office, and the complainant, with her counsel and brother, repeatedly, but in vain, knocked for admission.

Although Durant did not intend to deprive the complainant of any right, his acts had that effect, and amounted in law to such legal misconduct as to entitle the complainant to the relief sought.

Judgment affirmed.