No. 11,004.

PEOPLE EX REL. KING v. DISTRICT COURT OF WELD COUNTY,
ET AL.

Decided July 7, 1924.    Rehearing Denied November 10, 1924.

On application for writ of certiorari and prohibition.

*Rule to show cause discharged and petition dismissed.*

1.  PROHIBITION—*Jurisdiction.* If the district court has jurisdiction
to set aside a judgment and grant a new trial after lapse of the
term, prohibition will not lie.

2.  JUDGMENT—*Lapse of Term—New Trial.* Where a judgment debtor
through no fault of his own failed to get before the reviewing
court a bill of exceptions by which only his errors assigned could
be determined, it is held that the trial court had jurisdiction to
set aside the judgment and grant a new trial after the lapse
of the term at which the judgment was granted.

*Original Proceeding.*

Mr. WALTER E. BLISS, Mr. WORTH ALLEN, for petitioner.

Mr. THOMAS A. NIXON, for respondents.

*En banc.*

PER CURIAM.

FRED KING, the petitioner, filed in this court what he
denominates an original application for a writ of certio-
rari and prohibition to review an order of the district
court of Weld county, which set aside its previous judg-
ment and granted a new trial upon an application of the
judgment debtor made after the lapse of the term at
which the judgment was rendered.

The only question for determination here is whether
the district court had jurisdiction to make the order. If
it did, prohibition does not lie, and the order may not be

reviewed by certiorari, because of insufficiency of the showing. We have read the voluminous briefs and the authorities cited by both parties and are satisfied that the district court had jurisdiction in the premises. In *DuBois v. Clark,* 12 Colo. App. 220, 229, 55 Pac. 750, 753, our Court of Appeals, by Mr. Justice Thomson, said: "But the authority of a court to set aside its judgment, when the action is demanded by justice, is not dependent upon statute. The power is inherent, and may, in a proper case, and upon a proper showing, be exercised at any time." The case of *Ladd v. Stevenson,* 112 N. Y. 325, 19 N. E. 842, 8 Am. St. Rep. 748, is to the same effect. The petitioner here contends that under the laws of this state a court may not, at the request of the judgment debtor, set aside its judgment except in two ways or in two instances: As a result of motion for new trial; and under section 81 of the Code where a judgment has been taken against him as the result of a mistake, surprise or excusable neglect. These remedies are directed to something that occurred during the progress of the trial and before judgment, and not, as here, to a failure after judgment, through no fault of the judgment debtor, to get before a reviewing court a bill of exceptions by which only can his errors assigned be determined. Some of the many authorities in support of our conclusion are: *Hume v. Bowie,* 148 U. S. 245, 13 S. Ct. 582, 37 L. Ed. 438; *Malony v. Adsit,* 175 U. S. 281, 20 S. Ct. 115, 44 L. Ed. 163; *Richardson v. State,* 15 Wyo. 465, 89 P. 1027, 12 Ann. Cas. 1048; *Henrichsen v. Smith,* 29 Or. 475, 42 P. 486, 44 P. 496; 20 R. C. L. § 71, p. 288; 23 Cyc. p. 889 et seq.; *Bailey v. United States,* 3 Okl. Cr. 175, 104 P. 917, 25 L. R. A. (N. S.) 860; *Jotter v. Marvin,* 63 Colo. 222, 165 P. 269.

The rule to show cause is discharged and the petition is dismissed.