## No. 11,733.

### MITCHELL *v.* BYERS STATE BANK.

#### Decided January 31, 1927.

On application to set aside judgment rendered on cognovit notes. Application denied.

*Reversed.*

### On Application for Supersedeas.

1. JUDGMENT—*Cognovit Note—Vacation—Affidavits.* On application to vacate a judgment rendered on cognovit notes, supported by affidavit, counter-affidavits of plaintiff should not be considered.

2.   *Vacation—Motion—Apt Time.* As to the objections that a second motion to vacate a judgment was filed without leave of court, and that the application was not made in apt time, see Mitchell v. Miller, 81 Colo. 1.

*Error to the District Court of Jefferson County, Hon.
S. W. Johnson, Judge.*

Mr. JOE H. ROSS, Mr. DAVID L. MILLS, Mr. FRANK L.
HAYS, for plaintiff in error.

Mr. LUKE J. KAVANAUGH, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE defendant in error sued the plaintiff in error on
five cognovit notes. The application to vacate the judg-
ment rendered in favor of the plaintiff was denied, and
the defendant below sued out a writ of error. The case
is presented on a motion for a supersedeas. The parties
will be referred to as in the trial court.

The complaint was filed and judgment entered Au-
gust 28, 1926, upon a confession filed by an attorney (not
the defendant's attorney) pursuant to the terms of the
note. September 4th the defendant filed a motion to va-
cate the judgment. The supporting affidavits stated that
the note for $1,884.22, sued upon in the first cause of ac-
tion, was without consideration; that it was given with
the understanding that the plaintiff should give to the de-
fendant a bill of sale of certain chattels, and that though
often requested to do so, the plaintiff had failed to give
the bill of sale; and that the note for $187.50, sued upon
in the fifth cause of action, was paid. September 21st the
defendant filed an additional motion to vacate the judg-
ment, which was supported by her affidavit and by a veri-
fied answer, which she tendered for filing. They state
that the defendant has a meritorious defense to all the
notes sued upon, that said notes were executed without
consideration, and that they have been fully paid, satis-
fied and discharged. The tendered answer denies each
and every allegation in the complaint. The plaintiff filed

affidavits denying the defensive matters averred by the defendant; but, of course, such counter-affidavits should not be considered. *Richards v. First National Bank,* 59 Colo. 403, 148 Pac. 912. The objection that the second motion was filed without leave of court, and the objection that the application was not made in apt time, are without merit. See *Mitchell, et al. v. Miller,* 81 Colo. 1, 252 Pac. 886, where the same objections were made, based upon the same facts.

The judgment is reversed, with instructions to sustain the motions to vacate the judgment, and to permit the defendant to file an answer within a reasonable time.