No. 12,104.

INVESTORS FINANCE COMPANY *v.* LUXFORD, ET AL.

Decided October 29, 1928.

Mr. HENRY HOWARD, for plaintiff in error.

Mr. WILLIAM DILLON, Mr. J. M. TAYLOR, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

THE district court sustained a demurrer to an alternative writ of prohibition, addressed to the county court; the plaintiff, the Investors Finance Company, elected to stand and judgment was rendered for the respondent. We think the judgment was right.

The substantial facts, as shown by the writ, are that in 1922, the Finance Company obtained a judgment against one Kroll on a cognovit note without service on or notice to him. His attorney was in correspondence with the company, had set forth his client's claims of defense and was led by them to believe that they acquiesced in those claims and he so reported to the client, yet during this correspondence they took the judgment. This amounted to fraud in procuring the judgment. Similar cases are *Perkins v. Cooper,* 28 Vt. 729, where judgment was taken after negotiations from which defendant understood that the suit would be discontinued; *Eddy v. Cochran,* 1 Aiken (Vt.) 359, where judgment was taken after an agreement to arbitrate; *Kimball v. Randall,* 56 Vt. 558, which held that the fraud need not be intentional.

In 1927 execution was issued and Kroll then had his first notice of the judgment. He immediately moved to set it aside and the county court so ordered, whereupon this proceeding for prohibition was begun in the district court.

Since there was fraud in procuring the judgment it might be set aside by audita querela (6 C. J. 854), or, under some circumstances, in equity (*San Juan etc., Co. v. Finch,* 6 Colo. 214; *Jotter v. Marvin,* 63 Colo. 222, 165 Pac. 269; *People v. District Court,* 76 Colo. 169, 229 Pac. 1113; see also *McClellan v. Morris,* 71 Colo. 304, 313, 206 Pac. 575), or under section 81, Code 1921, by motion within one year, if there was no service of summons. Since audita querela, eo nomine, and bills in equity have been abolished by section 1 of the Code, we see no reason why the proceeding by motion should not be substituted therefor and it was so held in *Jotter v. Marvin, supra.* In most states this is done. 6 C. J. 851.

It is claimed that the county court lost jurisdiction after one year, but the remedies of audita querela or bill in equity to cancel a judgment on the ground of fraud in procuring it were never restricted by such a limitation. *People v. District Court, supra.*

It is claimed that under our rules prohibition will not lie on the facts in this case, but we do not find it necessary to decide the point.

The judgment is affirmed.

Mr. Justice Campbell, Mr. Justice Butler and Mr. Justice Adams concur.