No. 12,092.

PETERSON *v.* VANDERLIP.

Decided June 3, 1929.

Mr. OTTO FRIEDRICHS, for plaintiff in error.

Mr. CLARENCE O. MOORE, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS writ of error is sued out to review a judgment of the Denver district court rendered in 1927, which set aside and vacated a former judgment of the same court

in the same action rendered in 1922. The action, in which the original and vacated judgments were rendered, was brought by the plaintiff Peterson to recover of the defendant Vanderlip on the latter's promissory cognovit note of $500 and interest which was made payable to the plaintiff. There was no service of summons on the defendant either personally or by publication, and he did not appear at the trial in person or by an attorney of his own selection. The cognovit instrument authorized any attorney at law to appear for the maker, waive process and confess judgment. An attorney at law, not the defendant's attorney, appeared and confessed judgment in the principal of the note and interest then due. Thereafter garnishment proceeding under the judgment was sued out and therein a judgment of about $250 against the garnishee was rendered, which was received and applied as a payment by the plaintiff on the judgment which she had recovered against the defendant. This note was one of a series of promissory notes executed by the defendant payable to the plaintiff, and in 1926 the plaintiff Peterson brought suit on these other notes in a Kansas court, which is still pending and undetermined, and then it was, in February, 1926, that the defendant Vanderlip, as he says, first learned of the Denver district court judgment against him. There is some evidence tending to show, as the plaintiff claims, that the defendant had notice of this Denver action, or of facts equivalent thereto, but evidently the trial court found that it was not of such a character as to charge defendant with notice thereof. It was soon after the defendant says he had notice of this action that he appeared in the Denver district court in which this judgment was rendered in 1922, and filed his verified motion to have the same vacated and set aside. The plaintiff's counsel who appeared at the trial of the action in 1922, was served with notice of the application and he appeared in person, though the plaintiff herself was absent from the state and it seems that at no time was she per-

sonally present in the Denver district court at either trial. Evidence was heard by the court. Plaintiff's counsel participated in the hearing and cross-examined the witnesses and endeavored to elicit testimony favorable to his contention that the judgment should not be vacated. The trial court ordered the judgment vacated and permitted defendant's answer denying the allegations of the complaint to be filed, and the plaintiff was given time in which to file a replication. Thereafter, about one month later, plaintiff by her counsel, who thus appeared, elected to stand upon her contention that the court had no power to vacate the judgment and order further proceedings, and elected not to file a replication, whereupon the court entered a default against the plaintiff for failure to file a replication. The court in its decree found the facts in favor of the defendant upon the evidence produced, among other findings being that no personal service of process was ever had upon the defendant and that he appeared within a reasonable time after he learned of the adverse judgment against him. All other facts essential to the entry of a judgment were found in favor of the defendant, including the finding that this promissory note, as well as the balance of the series, had been paid by the defendant to the plaintiff before this action was brought, and the plaintiff had promised to send to him, but had failed to do so, these notes duly canceled by her as paid. A judgment, setting aside and vacating the former judgment of October, 1922, was entered. This writ of error was then sued out to review the same.

We think the foregoing statement in and of itself is sufficient to justify an affirmance. The plaintiff relies for reversal upon the fact that the defendant did not, within the time prescribed by section 81 of our Code of Civil Procedure, make his application for relief. From the foregoing statement it appears that process was not served upon the defendant in the action and he did not appear at the trial or waive service and that no one ap-

peared for him, and that he had no notice whatever of the same until long after the time fixed by section 81 within which to apply to the court for a vacation of the adverse judgment against him. If, as the trial court found, and there is no claim here that the finding is not sustained by the evidence, these notes were paid by the defendant to the plaintiff before this action was instituted, the conduct of the plaintiff in bringing suit upon them and obtaining judgment was a flagrant and reprehensible fraud upon the court and its jurisdiction and a wilful abuse of legal process to accomplish an unworthy and illegal end. In a recent case in this court, *Investors Company v. Luxford,* 84 Colo. 519, 271 Pac. 625, we had a similar case before us where the conduct of the plaintiff amounted to a fraud upon the court in procuring a judgment. The defendant seasonably after his first notice of this judgment, moved to set it aside and the judgment creditor applied for prohibition in the district court. We said upon review that since there was fraud in procuring the judgment, "it might be set aside by audita querela (6 C. J. 854), or, under some circumstances, in equity (citing among other cases: *Jotter v. Marvin,* 63 Colo. 222, 165 Pac. 269; *People v. District Court,* 76 Colo. 169, 229 Pac. 1113; *McClellan v. Morris,* 71 Colo. 304, 313, 206 Pac. 575), or under section 81, Code 1921, by motion within one year, if there was no service of summons." We further held that, "Since audita querela, eo nomine, and bills in equity have been abolished by section 1 of the Code, we see no reason why the proceeding by motion should not be substituted therefor and it was so held in *Jotter v. Marvin, supra.*" In answer to the claim there that the county court lost jurisdiction after one year under section 81, we said that "the remedies of audita querela or bill in equity to cancel a judgment on the ground of fraud in procuring it were never restricted by such a limitation." So here.

There was a manifest fraud in procuring this judgment against the defendant upon his promissory

notes to the plaintiff which had been paid before the action was begun. In the Jotter case, supra, we said, what is appropriate here: "It was not the intention of the law to require a man at his peril, to move within a specified time, who is utterly ignorant of the necessity of motion, or of the existence of anything which calls for motion. But the authority of a court to set aside its judgment, when the action is demanded by justice is not dependent upon statute. The power is inherent, and may, in a proper case, and upon a proper showing, be exercised at any time." That language is peculiarly appropriate here. This unjust judgment against the defendant was obtained without any service of process upon him. He knew nothing of it until a short time before he appeared in the action and filed a motion to have it vacated. The judgment was a fraud upon the court whose inherent power was properly invoked and upon a proper showing to have it set aside, and the trial court was authorized to exercise the power and to administer the appropriate relief of cancellation of the judgment, which was abundantly justified by the evidence. See also *Mitchell v. Miller,* 81 Colo. 1, 252 Pac. 886; *Mitchell v. Bank,* 81 Colo. 4, 252 Pac. 887; *Smith v. Morrill,* 12 Colo. App. 233, 240, 55 Pac. 824. *People v. District Court,* 76 Colo. 169, 229 Pac. 1113. The judgment is therefore affirmed.

Mr. Chief Justice Whitford, Mr. Justice Adams and Mr. Justice Alter concur.