No. 12,415.

GARDNER *v.* RULE.
(289 Pac. 606)

Decided June 16, 1930.

Mr. CHARLES E. COMPTON, for plaintiff in error.

Mr. BARNARD CUMMINGS, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF Gardner, payee in a cognovit note of defendant Rule, the maker, brought this action against the latter and recovered judgment upon it. There was no service of summons on the defendant, and he did not appear in the case in person or by an attorney of his own selection. Acting upon the authority conferred by the cognovit instrument, an attorney at law, selected by the plaintiff not the defendant's attorney, appeared in the action and confessed judgment on the note in favor of the plaintiff. Seasonably, and within a short time after the defendant first learned of the existence of this judgment, but more than one year after the adjournment of the term at which it was recovered, he filed his verified motion in the case and asked to have the judgment set aside upon the ground that he had fully paid and discharged the note and the interest due thereon before this action was instituted by the plaintiff, and that no service of any kind was made upon him and that the action to recover on the note and the improper judgment thereunder constituted a flagrant fraud upon him, setting forth specifically the facts constituting the fraud as above stated. Upon a full hearing by the district court upon the respective showings of the parties, the fraudulent judgment was set aside and the defendant was permitted to, and did, file his verified answer alleging payment in full, to which the plaintiff filed his replication denying payment. Upon the issues thus joined trial to a jury resulted in a verdict in favor of the defendant and for his costs incurred, which the trial court affirmed after denying plaintiff's motion for a new trial.

The mere statement of the case shows that the judgment for the defendant here attacked by the plaintiff was right. The plaintiff chiefly relies upon the ground that section 81 of our Code of Civil Procedure provides that relief from a judgment upon a proper

546

showing may be had, if proper application be made therefor within a reasonable time, not exceeding six months after the adjournment of the court at which the judgment was rendered, and since the application here was not made within that time, no relief can be afforded. Plaintiff doubtless has not overlooked, but he is discreetly silent, concerning two of our recent decisions holding that code section 81 has no application to a case like that now before us. In *Peterson v. Vanderlip,* 86 Colo. 130, 278 Pac. 607, and *Investors Company v. Luxford,* 84 Colo. 519, 271 Pac. 625, we said that a proceeding to cancel a judgment procured by fraud is not barred by the limitation of one year fixed by the code section 81. We also said that a judgment thus procured is not merely a fraud upon the judgment debtor, but also upon the court that gave judgment. The judgment now under review was procured without any service of process upon the defendant. He knew of it only a short time before he appeared in the action and filed a motion to have it vacated. The reasons for the doctrine are announced in our two cases above cited and need not be repeated here, as the opinions are accessible to the profession and to litigants. Other objections urged to the judgment below are either untenable or merely frivolous. They present no question of importance and their resolution would not in the slightest degree affect our conclusion that the judgment below was unmistakably right and it should be, and is, affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.