No. 9007.

JOTTER *v*. MARVIN.

1. JUDGMENT—*Without Service—Motion to Vacate—Effect.* Motion defendant to vacate a judgment because he was never served with process is a direct attack upon the judgment, of the same character and effect as a bill in equity for the same purpose.

It confers jurisdiction of the person, and the denial of such motion is of the same conclusive effect as a final decree in such equity suit.

The provisions of sec. 81 of the Code have no application.

2. *Bar of Judgment—To Whom Available.* A decree quieting a title to lands bars the defeated party, not only as against the successful plaintiff, but as against all claiming under him.

3. QUIETING TITLE—*Conveyance by Successful Plaintiff Before Writ of Error Sued Out.* Bill to quiet the title to lands. Decree for plaintiff. A conveyance of the lands by plaintiff before writ of error sued out is no bar to a writ of error subsequently instituted, to revise such decree, even though the purchaser paid value, without notice, and no stay of judgment had been ordered.

*Semble,* succeeding in his writ of error the plaintiff therein is not without remedy for the wrong done him in the loss of the lands, even though the title of the purchaser, from the defendant in error be held unassailable.

The purchaser not being party to the record, the effect, as to him, of the judgment of reversal, not determined.

*Error to Yuma District Court, Hon. H. P. Burke, Judge.*

Mr. M. M. BULKELEY, Messrs. ALLEN & WEBSTER and Mr. LOUIS H. DRATH, for plaintiff in error.

Mr. JOHN F. MAIL, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

THIS hearing is upon a demurrer to a plea in abatement in this court. The action was instituted in the District Court by the defendant in error against the plaintiff in error wherein judgment was entered decreeing, that the defendant in error was the owner of a certain hundred and

sixty acres of land in Yuma county; that the plaintiff in error had no right, title or interest therein. The decree also cancels a tax deed, as well as certain judgments and decrees and quiets the title to said land in the defendant in error. Thereafter, the plaintiff in error, defendant below, appeared in said cause and moved that said judgment be vacated and set aside. This motion was upon the ground that the defendant had never been served with summons, and for that reason that the judgment was absolutely void, etc. Thereafter, and on April 27, 1916, the court denied said motion; the defendant reserved the necessary exceptions, asked and was given sixty days within which to prepare a record on error, which was thereafter duly approved and has been lodged in this court, etc., all within proper time. The plea in abatement filed here alleges that after the trial court's refusal to sustain this motion to vacate and set aside said judgment, and on to-wit, the 15th of May, 1916, the defendant's in error grantee sold and conveyed said land by deed to one Hartjoy, which deed was, on June 19th, following, recorded, etc.; that said Hartjoy paid to the grantee of the defendant in error to-wit, The Charles B. Marvin Investment Company for said land, full value in the sum of $2,000.00; that Hartjoy bought said land without knowledge of this proceeding on error, or any contemplated proceeding looking to the reversal or modifications of the judgment hereinabove mentioned. It is further alleged, that upon the denying of the motion to vacate said judgment made by plaintiff in error in the District Court, no stay of execution was sought, nor anything done relative to staying the operation of said judgment, and, not until the 23rd of June, 1916, was any record on error presented to the trial judge, nor was the same filed with the clerk of the District Court until July 12th, following, and after said land had been conveyed to Hartjoy; that the cause was not filed in this court until July the 18th, following, and that no supersedeas was sought or issued; that the plaintiff in said action (the defendant in error here) hath not now, nor has he had since May 15, 1916, any title or interest in said land.

For the foregoing reasons it is urged that the plea in abatement should be sustained and the action dismissed.

It may properly be conceded, that if, after the rendition of a judgment and before its review, any event happens which would make a different result useless, the action will be dismissed. Such is not the case here.

The plaintiff in error contends that there was no service upon him in the original action, for which reason the judgment is void. If such be the case, he, no doubt, could have brought a separate suit for the purpose of having it set aside. Likewise, he could litigate with the grantee of the grantee of defendant in error concerning their respective titles to the land; in such case, if this judgment was sought to be used against him, if the record in that case fails to show service, he could be successful in a collateral attack upon it, for want of service, etc. He did not do this, but saw fit before the land was transferred to Hartjoy to go into that case with a motion to vacate the judgment. To all intents and · purposes this constituted a direct attack upon it, which takes the place of a suit in equity, and stands exactly on the same plane; by thus doing he gave jurisdiction to that court of his person, and when his motion was denied, it has precisely the same force and effect as if he had brought an independent suit in equity for that purpose, as was said in *Kavanagh v. Hamilton,* 53 Colo. 157, at page 163, 125 Pac. 512, 515:

"Direct attack on the judgment of a court of record may be by motion, as in *Du Bois v. Clark,* 12 Colo. App. 220, 55 Pac. 750; or by answer and cross complaint, as in *Wilson v. Hawthorn,* 14 Colo. 530, 24 Pac. 548, 20 Am. St. 290; or by an equitable action to cancel or enjoin its enforcement, as in *Smith v. Morrill,* 12 Colo. App. 233, 55 Pac. 824; or by writ of error, or possibly by a bill of review."

*Du Bois v. Clark,* 12 Colo. App. 221, 55 Pac. 750, recognizes the right to make a direct attack by a motion to vacate for want of jurisdiction, and that in such cases the same is not, by virtue of the Code provision allowing six months for the same. In making the distinction the court, at page 229, 55 Pac. 753, says:

"But, because equity will not decline jurisdiction, it does not follow that the same purpose may not be accomplished by motion. Our code provision restricting a party to six months within which to make application to be relieved from a judgment taken against him through mistake, inadvertence, surprise or excusable neglect, has no relevancy here. The privilege is granted to parties, but a person who was never served with process, and who never appeared, is not a party within the meaning of that provision. It is from his failure to do something which he might have done, that a court, by virtue of that provision, grants a party relief, when he is able to give a good reason for his failure. But where a person has no knowledge that anything is required of him, his quiescence is not a failure to do something which he might have done, and the terms, mistake, inadvertence, surprise and neglect, are not properly applicable to it. It was not the intention of the law to require a man at his peril, to move within a specified time, who is utterly ignorant of the necessity of motion, or of the existence of anything which calls for motion. But the authority of a court to set aside its judgment, when the action is demanded by justice, is not dependent upon statute. The power is inherent, and may, in a proper case, and upon a proper showing, be exercised at any time. See *Ladd v. Stevenson*, 12 N. Y. 325, 19 N. E. 842, 8 Am. St. 748. And there is no reason in sight why the questions of fact involved in a proceeding to set aside a judgment, may not be tried and determined as well and as satisfactorily upon motion as upon bill."

The plaintiff in error, having gone into the original suit with his motion to vacate, gave the court jurisdiction of his person, the same as if he had been plaintiff by a bill in equity. Even though the court had no jurisdiction in the original proceeding, it then acquired jurisdiction to determine the question of its jurisdiction in the original action, and if it has erroneously held that it had jurisdiction, and that the judgment is valid, unless that ruling is reviewed and set aside, it constitutes a complete bar against

the plaintiff in error, not only in the present case in favor of the defendant in error, Marvin, but those in privity with him, which position is occupied by Mr. Hartjoy. It follows that if no review can be had of this motion to vacate the judgment, because the defendant in error has conveyed the land to another, who has in turn conveyed it to Hartjoy, that the plaintiff in error can have no relief or recourse against any one upon account of its existence, even though right in his contention that he had never been served. We cannot agree with this line of reasoning. Defendant in error was the alleged owner of the land when he brought his suit against the plaintiff in error in which he sought to try the title of the plaintiff in error, and to have judgment decreeing that he had no interest therein. He alleges that he never has had, and seeks to have, his day in court concerning it. If he has not had it, then a judgment that he has ought not to be allowed to stand against him simply because the defendant in error, after securing the judgment, has conveyed the land to another who, in turn, has conveyed it to an innocent purchaser.

Whether, if ultimately successful in sustaining his title, the plaintiff in error can secure the land from Mr. Hartjoy, because transferred to him as an innocent purchaser when no stay of the judgment was pending, and before a writ of error was sued out, will not now be determined. Mr. Hartjoy is not a party to this action. In certain cases this court has held that an innocent purchaser, etc., during this period, relying upon the judgment, gets a good title:

*Cheever v. Minton,* 12 Colo. 557, 21 Pac. 710, 13 Am. St. 258; *Stout v. Gully,* 13 Colo. 604, 22 Pac. 954; *Pipe v. Jordan,* 22 Colo. 392, 45 Pac. 371, 55 Am. St. 138.

If the rule announced in these decisions is applicable, it does not follow that the plaintiff in error is not entitled to his review of this judgment. In case he is successful in securing its reversal, and is right in his contention that he was the owner of the land, we cannot agree that he is

without remedy for the wrong against him, which was the occasion of his loss.

Vol. 2, Freeman on Judgments (4th ed.), sec. 484, recognizes the rights of innocent purchasers to be protected in certain cases when relying upon decrees which are subject to reversal by writs of error not then pending, but it does not concede to the plaintiff in such cases this protection, but to the contrary upon reversal, where the plaintiff is a purchaser, at page 843 it states:

"The title of plaintiff is held to be liable to be divested by a reversal, because his purchase is paid for by a judgment which he ought not to have had, and because it is neither just to the defendant nor conducive to a good public policy that the advantages secured by an erroneous adjudication should be longer retained."

While this declaration applies to the plaintiff's purchase of real estate, we think the principle is applicable to a case of this kind, and, that if the judgment is wrong and the plaintiff in error is right, and was the owner of the land, even though he has lost it, that it would neither be just to the plaintiff in error nor conducive to a good public policy to hold that he did not have a cause of action against the party who was the cause of his loss.

The dismissal of this writ of error would forever bar him of this right.   The demurrer will be sustained.

Decision *en banc.*