## No. 10,996.

### HUNT *v.* THE PEOPLE.

Decided November 10, 1924.

On petition to vacate an order of commitment for lunacy. Petition denied.

#### *Reversed.*

1.  HABEAS CORPUS—*Res Judicata.* An order of the district court, entered on hearing, that petitioner had been illegally committed to the insane asylum by the county court, held res judicata as to the validity of the order of commitment in a subsequent proceeding to have the county court vacate the order.

*Error to the County Court of Montrose County, Hon. S. S. Sherman, Judge.*

Mr. O. A. ERDMAN, for plaintiff in error.

Mr. C. J. MOYNIHAN, for the people.

MR. JUSTICE ALLEN delivered the opinion of the court.

ON September 21, 1918, a complaint of lunacy was filed in the county court of Montrose county against Victor Hunt. On the same day the court appointed a lunacy commission, fixing September 23, 1918, as the time of its first session. On the date last above named the commission held a session and made its report, and the court ordered Hunt committed to the Colorado State Hospital.

On June 28, 1922, a petition for a writ of habeas corpus was filed in the district court of Pueblo county on behalf of Victor Hunt, alleging that his detention was illegal. The petition challenged the jurisdiction of the county court of Montrose county to enter the order of commitment because the five days notice of the time and place of the first session of the lunacy commission had never been given to the person complained of, as required by section 550, C. L. 1921. The writ was not sought on the ground of restoration of sanity.

The writ was issued, directed to the superintendent of the state hospital, and a return was made thereto, reciting the proceedings in the county court of Montrose county. On July 22, 1922, the district court of Pueblo county adjudged that Hunt was then being illegally restrained and ordered his discharge from the custody of the state hospital and its superintendent.

On January 3, 1924, Hunt petitioned the county court of Montrose county to vacate its order of commitment of September 23, 1918. The petition alleged, among other things, his discharge on writ of habeas corpus by the district court of Pueblo county. Upon the hearing of the petition, the proceedings in the district court, and its judgment, were placed in evidence. The county court refused to vacate its order, and to review its action in that regard the petitioner, Victor Hunt, has sued out this writ of error.

The jurisdiction of the district court of Pueblo county to discharge Hunt on writ of habeas corpus is not questioned. Its judgment discharging Hunt, in view of the allegations of the petition for the writ and the return, was an adjudication that the order of commitment of the county court of Montrose county was void.

The judgment of the district court was res judicata as to the validity of the order of commitment. 29 C. J. 178; 10 Standard Enc. Proc. 950.

The order of commitment to the state hospital being void, under the judgment of the district court, it should have been vacated on the motion of the party aggrieved thereby. The county court should have treated the judgment of the district court in the habeas corpus proceedings as res judicata upon the question of the validity of its order of commitment. It was error to refuse to vacate the order. The judgment is reversed and the cause remanded with directions to vacate the order.

MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL concur.