No. 11,833.

HUNT v. HUNT.

Decided January 30, 1928.    Rehearing denied February 27, 1928.

On accounting of conservator.    Account approved.

*Affirmed.*

1.   INSANE PERSONS—*Conservator—Appointment.*   C. L. § 5321, permits the appointment of a conservator by a court other than that which adjudged the ward insane. It must find insanity before appointing the conservator, but the judgment of the lunacy court is evidence of that fact.

2.        *Conservator—Appointment.*   Where one county court finds a person insane, and another appoints a conservator, the fact that the adjudication by the first court is set aside does not affect the jurisdiction of the latter in appointing the conservator.

3.   JUDGMENT—*Jurisdiction.*   A judgment, even though on false testimony, is not for that reason without the jurisdiction of the court which renders it.

4.   INSANE PERSONS—*Conservator—Appointment—Notice.*   Where a conservator was appointed for an insane person without notice to the ward, who, after his discharge from the hospital, with knowledge that the conservator was handling his property, failed to take any action in regard to the matter for 18 months, it is held that he lost his right to object to the failure to give him notice.

5.        *Conservator—Accounting.*   Expense incurred by a conservator in proving up on a homestead entry of his ward constitutes a proper item of accounting.

6.      *Conservator—Accounting.* On final accounting, a finding of the court of an amount due the conservator without a judgment thereon, is not res judicata in a subsequent accounting.

7.      *Conservator—Accounting.* Where a recovered insane person by his conduct impliedly ratifies the acts of his conservator, he can ask no more than an accounting by the conservator in the court of his appointment.

### On Rehearing.

8.      *Conservator—Appointment—Jurisdiction.* While the judgment of a county court finding a person insane may have been void, still that fact did not deprive another court of jurisdiction over the subject matter in appointing a conservator for the person so declared insane, although by failure to give him notice it acquired no jurisdiction over the person of the ward.

9.      *Conservator—Accounting.* A recovered insane person by applying to the county court for an order requiring his conservator to turn over to him his property, thereby submits himself to the jurisdiction of the court for that purpose.

*Error to the County Court of Ouray County, Hon. R. J. Norpel, Judge.*

Mr. O. A. ERDMAN, Mr. WAYNE C. WILLIAMS, for plaintiff in error.

Mr. CARL J. SIGFRID, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

MILTON W. Hunt, defendant in error, rendered his account as conservator of the estate of his son, Ralph L. Hunt, plaintiff in error, who had been confined in the Colorado State Hospital for the insane at Pueblo; the latter objected to the account, but it was approved and he brings error.

The facts are peculiar: In September, 1918, Ralph Hunt, plaintiff in error, Victor, his brother, and their mother were adjudged insane by the county court of Montrose county, and committed to the Pueblo asylum. March 1, 1919, defendant in error, without notice to Ralph, applied to the county court of Ouray county for letters of conservatorship, was appointed, took possession of personal property and lands of plaintiff in error and so remained until after the accounting above mentioned, when he was discharged. Ralph and the others remained in the asylum till July 22, 1922, when they were discharged on habeas corpus by the district court of Pueblo county, on the ground that they had not had five days' notice of the hearing before the lunacy commission as required by statute. The order of their commitment was thereafter, December 8, 1924, vacated by the county court of Montrose county, by order of this court (*Hunt v. People,* 76 Colo. 231, 230 Pac. 607),* on the ground that the matter was res adjudicata in the habeas corpus proceeding. The Montrose court then dismissed the whole cause, which was more than was called for by our decision, since the court might have appointed a new lunacy commission and have gone on with the case. Whether the judgment of the Pueblo district court was right does not now concern us. January 8, 1925, Ralph filed in the county court of Ouray county a petition to set aside the order appointing a conservator and all other orders theretofore entered in the conservatorship matter and to restore to him his property. Upon an order to show cause defendant in error answered admitting various receipts and claiming credit for disbursements. There was a replication which attacked the account and items thereof, and, after hearing, the court granted a motion of defendant in error to deny relief to the petitioner except to grant a final accounting and discharge of conservator and the restoration of his property to peti-

---

* This is a report of the case of Victor Hunt but the Montrose court followed it in the case of Ralph.

tioner, and ordered "that respondent be and hereby is required and ordered to file his final accounting in this court within ten days from this date, and that upon the final adjudication of his accounts, that the property of said petitioner be restored to him as of his first and former estate;   *   *   * "

Pursuant to this order defendant in error presented a final account showing receipts $336.50 and disbursements $705.24, balance due conservator $368.74, which, after objections and a hearing, was approved, the court finding:

"First. That the conservator acted in the utmost good faith in making his expenditures, all of which benefited said estate, and were reasonably necessary for its preservation.

"Second. That the said Ralph L. Hunt, through his conduct, has, by implication, consented to, confirmed and ratified all the acts of the said Milton W. Hunt, conservator, and that his final report seems in all respects correct.

"Third. That a reasonable conservator's fee in this matter is $200.00; that a reasonable attorney's fee is likewise $200.00.

"Wherefore, it is found by the court that the estate of Ralph L. Hunt is justly indebted to Milton W. Hunt, the conservator, in the total sum of $768.74.

"And it is ordered that the conservator be discharged and his bondsmen released from further liability, and that the estate be considered as closed; and that a motion for a new trial is unnecessary and would be unavailing; and it is further ordered that the property of Ralph L. Hunt be restored to him."

The defendant in error claims that his appointment was pursuant to C. L. § 5231, which is as follows: "Sec. 81. Upon representation to the county court by any person that a person is so insane or distracted in his mind as to be incapable or unfit to take care of or manage his or her estate, and it shall appear to the court that

he has been adjudged insane, * * * it shall be the duty of said county court to appoint some fit person to be conservator of his estate. If it shall appear to the court that no such adjudication has been had, such court shall cause such adjudication to be had as in inquisitions of lunacy, and if he be thereupon adjudged mentally incompetent, the court shall appoint a conservator, as aforesaid.''

We think this section permits the appointment of a conservator by a court other than that which adjudged the lunacy, because otherwise the section would have no effect, but would merely provide what is elsewhere provided. It follows that the Ouray court had jurisdiction to do what it did. It must, of course, find the ward insane before it appoints a conservator, but the statute makes the judgment of the Montrose court evidence (perhaps conclusive evidence) of that fact. We must presume that the Ouray court found that fact, because it appointed a conservator accordingly and no showing is made to the contrary. The original records are lost.

The fact that the adjudication by the Montrose court was afterwards set aside could not affect the jurisdiction of the Ouray court. A judgment even though on false testimony is not for that reason without the jurisdiction of the court which renders it. Except, then, for the failure to notify plaintiff in error of the application for appointment as conservator, the Ouray court's power was complete.

We think the plaintiff in error by his conduct lost his right to object to this failure. He was discharged from the hospital July 22, 1922, but took no action whatever till January 5, 1924, when he moved the Montrose court to set aside the adjudication of insanity, and he took no action in the Ouray court till January 8, 1925. There is evidence sufficient to justify the conclusion that long before he took any action he knew his property was in the hands of his father as conservator and that expenses were being incurred in its care, and to justify the findings

of the court above set forth as to his consent to and ratification of the continuance of the conservatorship, and the acts of the conservator.

We do not overlook the point that informal notice to a party not before the court cannot give jurisdiction of such party; but if he takes the benefits of the proceeding and permits it to go on and expenses to be incurred in his behalf, he cannot be heard to say that he who incurred those expenses may not account to the court upon whose orders they were incurred. A somewhat analogous case is *Schutte v. Douglass,* 90 Conn. 529, 97 Atl. 906.

The conservator attended to his ward's property in good faith and, as the court found, preserved it. Inter alia, he proved up on a homestead entry and saved it from default while his ward was in the asylum. Expenses for that purpose were legitimate and constitute a proper accounting for such of Ralph's money as came into the conservator's **hands.**

As to the balance found due to the conservator, that officer claims that no judgment for it was rendered against Ralph and therefore there is nothing for us to reverse. That seems to be the case on the record before us, so we take him at his word, and since the finding of the amount due is not res adjudicata unless sanctioned by a judgment, the balance of expenses over and above the conservator's receipts remains for future settlement.

The plaintiff in error, then, having impliedly ratified and authorized the acts of the conservator by his conduct as above stated, could claim no more than an accounting, and could not object to such accounting in the court of appointment, by the conservator as such. Some objections are made to items of the account but there are enough unquestioned items of expense to cover the receipts, and the balance, as shown above, is for future settlement, so we do not further notice it.

The judgment of discharge of the conservator and the restoration of the ward's property is affirmed.

*On Rehearing.*

MR. CHIEF JUSTICE DENISON.

The petition for rehearing is based upon the theory that the judgment of the county court of Montrose county and the judgment of the county court of Ouray county were void. This may be conceded, but it remains true that the county court of Ouray county in appointing a conservator had jurisdiction of the subject matter of the proceeding before it. The fault in the proceeding lay in its failure to acquire jurisdiction of the person of Ralph Hunt by notice to him. Ralph Hunt, however, delays eighteen months after he gets out of the asylum, and knowingly permits his conservator to go on as such, expending money for his benefit. This justifies the finding that he ratified, and, if the conservator's actions were not the actions of a real conservator, and justified as such, they became the action of Ralph Hunt's agent, and the only thing that can be required of such an agent is that he honestly account.

If it be claimed that the Ouray county court had no jurisdiction to authorize or order an accounting, we answer that the application of Ralph Hunt to that court to require the conservator to turn over the property to Ralph was a submission by Ralph to the jurisdiction of that court for such purpose. If he desired to repudiate the jurisdiction of that court and not submit himself to it at all, he should have brought an action in some court, say the district court of Ouray or some other county for the recovery of his property or for damages, and thus secured his rights. In such case it is obvious that if it were shown that he had permitted the defendant therein to expend money for his benefit, that credit for such expenditure would be allowed.

The petition for rehearing is denied.