No. 12,749.

COLE *v.* FIESE ET AL.
(14 P. [2d] 1015)

Decided September 26, 1932.

Mr. FRANK L. HAYS, Mr. JOE H. ROSS, for plaintiff in error.

Mr. ARTHUR C. GORDON, Mr. GORDON ALLOTT, for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

SUIT to foreclose a trust deed as a mortgage. There were many parties defendant, but only the state bank commissioner and public trustee of Kiowa county answered, and their answer, other than denials of certain allegations, was to the effect that by judicial decree in a previous action, evidenced by judgment roll, plaintiff was barred or precluded. The court so adjudged, and on proper assignments, error is prosecuted.

It reasonably appears that March 1, 1920, Doll, a defendant here, executed and delivered to one Wolff his promissory note for $500, payable three years thereafter, which, March 15, 1921, was sold and endorsed to plaintiff; that simultaneously with the making of the note, and to secure it, Doll gave a trust deed, duly recorded, on land he owned in Kiowa county, to the public trustee, which was also assigned and sold to plaintiff with the note, but no evidence of the transfer was recorded; that in April, 1924, the state bank commissioner having become the owner of a note secured by a trust deed on the same land, junior to the Wolff lien, sued to foreclose,

making the public trustee of Kiowa county, Doll, Wolff and other named parties, as well as "all unknown parties who claim any interest in and to the subject matter of this action," defendants, but the plaintiff here was not named as a defendant; that the bank commissioner alleged that the Wolff note had been paid, and asked cancellation thereof and that the trust deed securing it be released; that personal service of summons was made on the public trustee, and Wolff, payee of the note, and Doll filed a disclaimer; that other defendants, including those "unknown," were served by publication; that October 13, 1924, the court gave judgment of foreclosure in favor of the state bank commissioner, and directed cancellation of the note and release of the trust deed which plaintiff seeks to foreclose here; that in due course such release was entered of record and formal foreclosure of the trust deed held by the state bank commissioner was had, ripening into a title to the land in the state bank commissioner, where it rested when this suit was instituted.

November 5, 1927, plaintiff here, by formal motion filed in the original action, moved that he be made a party defendant, and that the decree given in behalf of the state bank commissioner be set aside, particularly that part which brought about the formal release of the trust deed which secured the note he held. The motion was supported by his affidavit to the effect that he had no knowledge of the bank commissioner's suit or judgment until December, 1926, and that he owned the note and trust deed which said decree canceled and released; that the judgment was a fraud upon his rights and that in the procurement thereof the court had been deceived and misled; that July 20, 1928, the court denied the motion and declined to set aside the degree given in favor of the bank commissioner. To this ruling the movant, plaintiff here, was allowed an exception and given sixty days within which to tender a bill of exceptions. September 8, 1928, on the court's own motion, time for tendering bill of exceptions was extended for ninety days. The

plaintiff did not avail himself of the privilege to secure a bill of exceptions, nor did he in any manner seek direct review of the order denying his motion to set aside the decree in favor of the bank commissioner. December, 1928, plaintiff instituted this action.

It is clear that, other than by publication, plaintiff was not served in the original action, nor except as he may have been included in the "unknown" defendants, was he made a party. In such circumstances, as said by Mr. Justice Garrigues in *Kavanagh v. Hamilton,* 53 Colo. 157, 163, 125 Pac. 512, 515, he could have made a "direct attack on the judgment * * * by motion, as in *DuBois v. Clark,* 12 Colo. App. 220; or by answer and cross complaint, as in *Wilson v. Hawthorne,* 14 Colo. 530; or by an equitable action to cancel or enjoin its enforcement, as in *Smith v. Morrill,* 12 Colo. App. 233; or by writ of error, or possibly by a bill of review."

Plaintiff here, "unknown" defendant in the suit where he took such step, attacked the judgment there by motion. "To all intents and purposes," as stated by Mr. Justice Hill in *Jotter v. Marvin,* 63 Colo. 222, 165 Pac. 269, "this constituted a direct attack upon it, which takes the place of a suit in equity, and stands exactly on the same plane; by thus doing he gave jurisdiction to that court of his person and when his motion was denied, it has precisely the same force and effect as if he had brought an independent suit in equity for that purpose." Whatever lack of jurisdiction obtained in the original suit, if any, and we do not pass upon it, the plaintiff here waived the point by interposition of the motion to which we have referred. "Even though the court had no jurisdiction in the original proceeding, it then acquired jurisdiction to determine the question of its jurisdiction in the original action, and if it has erroneously held that it had jurisdiction, and that the judgment is valid, unless that ruling is reviewed and set aside, it constitutes a complete bar against the plaintiff in error."

*Jotter v. Marvin, supra.* It follows that the judgment should be affirmed. Let it be ordered accordingly.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.