## No. 15,621.

KLANCHER *v.* ANDERSON ET AL.
(158 P. [2d] 923)

Decided May 7, 1945.

Mr. JOHN W. ELWELL, for plaintiff in error.

Mr. A. W. MCHENDRIE, for defendants in error.

*En Banc.*

Mr. Justice Jackson delivered the opinion of the court.

Plaintiff, who is plaintiff in error here, brought suit against defendants for trover, asking damages for the alleged wrongful conversion of her property in the sum of ten thousand dollars. The trial court sustained defendants' motion for summary judgment, to review which action plaintiff brings the cause here by writ of error, requesting that it be determined on her application for supersedeas and, defendants joining in the request, we have elected to proceed accordingly.

Plaintiff's amended complaint, filed on or about the 3d day of January, 1945, alleged that she was adjudged insane and committed to the Colorado State Hospital March 7, 1932, after a proceeding in lunacy in the county court of Pueblo county; that she was granted a probationary discharge June 5, 1932; that on the 5th day of June, 1934, the superintendent of the state hospital duly notified the county court of Pueblo county that plaintiff had been granted a probationary discharge and had not been returned to said hospital for two years, and was therefore discharged as provided by law; that for a period of more than eleven years thereafter she remained at liberty, wholly free from restraint, during which time she held various political and business positions, and was sued for divorce in the county court of Pueblo county and final decree was entered therein.

Plaintiff further alleged that June 16, 1943, while at LaVeta, Colorado, she was arrested without any warrant or authority of law, and transported to and unlawfully confined in the Colorado State Hospital until October 30, 1944, when she was restored to her liberty by a writ of habeas corpus issued out of the district court of Pueblo county.

Plaintiff further alleged that August 18, 1943, while she was unlawfully detained at the state hospital, de-

fendant Anderson petitioned the county court of Pueblo county for letters of conservatorship, which were issued by the court on September 10, 1943; that on the 12th day of May, 1944, defendant Vena Pointer petitioned the county court of Pueblo county for letters of conservatorship in the estate of the plaintiff, and that such were issued the same day; that defendant Anderson took possession of the personal property of plaintiff amounting to about $3,500, and subsequently turned over to defendant Pointer money and property to the value of about $1,500; that plaintiff demanded of defendants that they return to her her personal property, which defendants have neglected and refused to do. That this unlawful detainer is repugnant to the Fifth, Seventh and Fourteenth Amendments to the United States Constitution, and violates sections 23 and 25 of article II of the Colorado Constitution, as well as its Bill of Rights; that by virtue of the foregoing, plaintiff has been damaged in the sum of $10,000.

January 12, 1945, defendants, as above stated, moved the trial court for a summary judgment in their favor and against the plaintiff. The four grounds and reasons for their motion, and the court's disposition of the latter, are set forth in the court's order and judgment as follows:

"The first ground for the motion for summary judgment is that it affirmatively appears upon the face and from the allegations of the amended complaint filed herein that this Court is without jurisdiction of the subject matter involved in this action. On this point it was argued by the defendants that the Court is without jurisdiction in this case to find that the action of the County Court was without authority of law, and with this contention the Court is in agreement. However, the Court feels that the action sounds in tort, and that if sufficient allegations of tortious action were contained in the complaint the Court would have jurisdiction thereof.

"The second ground is that it affirmatively appears upon the face and from the allegations of the amended complaint filed herein that said amended complaint fails to state a claim upon which the relief sought, or any relief, can be granted.

"The Court is in agreement with this statement, and Paragraph 2 of said motion is sustained by the Court.

"Paragraph 3 of said motion is on the ground that it affirmatively appears upon the face and from the allegations of the amended complaint filed herein that there is no material issue of fact presented in or tendered by said amended complaint.

"For the purpose of this motion the Court will deem that all allegations of the amended complaint are admitted by the motion, but also feels that no material issue of fact is presented by said amended complaint. The motion will therefore be sustained upon the third count.

"The fourth ground of the motion is that it affirmatively appears upon the face and from the allegations of the amended complaint filed herein that the only issue tendered or attempted to be tendered, by said amended complaint is one of law; and that the law of the State of Colorado does not and cannot permit the judgment sought by plaintiff herein to be granted in this action.

"The court is of the opinion that not only does the law of Colorado not permit the judgment sought by the plaintiff herein to be granted in this action, but it also feels that it does not permit any judgment in favor of the plaintiff to be granted. The motion is hereby sustained by the Court upon the fourth ground.

"Wherefore, the Court finds the issues herein joined on the plaintiff's amended complaint against the plaintiff and in favor of the defendants and each of them."

Attached to the amended complaint is plaintiff's Exhibit B, being certified copies of the documents filed in the county court relating to the appointment of William

E. Anderson and Vena Pointer as conservators. From an inspection of these documents it appears that Anderson and Pointer at no time served as conservators of plaintiff's estate concurrently, but that defendant Anderson resigned as conservator after filing his final report and was discharged, and that thereupon defendant Pointer in her capacity as public administrator of Pueblo county applied for and was granted letters of conservatorship. Her letters and those of Anderson were based upon the showing that plaintiff had been recommitted to the Colorado State Hospital on July 17, 1943.

Plaintiff's Exhibit A, attached to her complaint, contains a certified copy of the original proceedings in lunacy in the county court in 1932; also certified copy of two documents, both executed on July 17, 1943. The first document is a complaint on the regular form, signed by John J. Krutka, showing in his acknowledgement that the complaint is not based upon his own knowledge, but that he believes the contents of the complaint to be true, and that his belief is based upon the report of officers from Walsenburg, Colorado. The second document is entitled "Order to Recommit to Colorado State Hospital," on a mimeographed form, at the bottom of which appears the name of John Krutka as undersheriff, in which he recites that he has executed the order to recommit by delivering plaintiff to the superintendent of the Colorado State Hospital.

Plaintiff's position apparently is that, having been granted a probationary discharge in 1932, followed by a letter from the superintendent of the state hospital to the county court June 5, 1934, to the effect that plaintiff had not been returned to the hospital and therefore was discharged as provided by law, left her in the same status as any person who had never been committed to the state hospital; that completely new proceedings in lunacy should have been invoked in 1943, including the appointment of a lunacy commission; that the order, entered by the county court of Pueblo county, to recom-

mit plaintiff to the Colorado State Hospital without such lunacy proceedings and based solely on the complaint of John Krutka was void; hence the orders appointing defendants as conservators of plaintiff's estate also were void. Plaintiff's counsel, in his brief, poses this question for determination: "What is the legal status of one who has been discharged from the Colorado State Hospital by probationary discharge and who has remained at liberty for more than two years?"

■ As will already have been noted, the position of the trial court and counsel for defendants is that the trial court in this case was not in a position to answer plaintiff's question; that to do so would be an attack on the judgment of the county court in appointing defendants as conservators; that such judgment or order can be nullified only by direct attack, and that for this court to void the judgment in this proceeding would be a collateral attack; that the county court, on the face of the pleadings, had jurisdiction of both the subject matter and the parties, and therefore its judgment or order under no circumstances was void, but if it proceeded wrongfully in the matter, and entered an improper judgment that that erroneous action was voidable and could be reached only by direct attack and not by collateral attack in this proceeding. Defendants rely upon *Kavanagh v. Hamilton,* 53 Colo. 157, 125 Pac. 512. In that case, inter alia, we said: "The finding of the district court that the county court had no jurisdiction over the subject matter on account of errors and irregularities, is erroneous. As we have already said, the county court is a court of record, and of general jurisdiction in probate matters, and in the settlement of estates. If it had jurisdiction over the person and subject matter, the district court was without authority to review its judgment for errors and irregularities."

The rule laid down in *Kavanagh v. Hamilton, supra,* has been followed in many cases in this jurisdiction, among which may be mentioned the following: *Pin-*

*nacle Co. v. Popst,* 54 Colo. 451, 131 Pac. 413; *Jotter v. Marvin,* 63 Colo. 222, 165 Pac. 269; *Dillingham v. Schmidt,* 85 Colo. 28, 273 Pac. 21; *Cole v. Fiese,* 91 Colo 358, 14 P. (2d) 1015.

We have most recently applied the doctrine of the Kavanagh case in *Zupancis v. Zupancis,* 107 Colo. 323, 111 P. (2d) 1063, where an adoption decree, entered by the county court, was questioned in another proceeding in a district court. We held, "Where the validity of a decree of adoption is questioned in any proceeding other than a direct appeal or petition to set aside the adoption, the attack is collateral."

 That the rule in the Kavanagh case is not confined to this jurisdiction, is disclosed by the following quotations from Corpus Juris:

"Jurisdiction should be distinguished from the exercise of jurisdiction. The authority to decide a cause at all, and not the decision rendered therein, is what makes up jurisdiction; and when there is jurisdiction of the person and subject matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction." 15 C.J., p. 729, §25.

"Since jurisdiction is the power to hear and determine, it does not depend either upon the regularity of the exercise of that power, or upon the correctness or rightfulness of the decision made, for the power to decide necessarily carries with it the power to decide wrongly as well as rightly * * *." 15 C.J., p. 729, §26.

It will be noted that the trial court, in its judgment, referred to plaintiff's complaint as "sounding in tort;" but even adopting plaintiff's theory, that the judgment of the county court recommitting the plaintiff to the state hospital was absolutely void and not voidable and that therefore the appointments of defendants as conservators of plaintiff's estate were likewise void, the pleadings still do not show why defendants should respond in damages to plaintiff. There is no allegation that either of them took part or had anything to do with

the recommitting of plaintiff to the state hospital, and there is no allegation of mismanagement of her funds. The complaint, and the exhibits attached, affirmatively show that Anderson has been discharged by the county court as conservator, and that the other defendant, Pointer, became conservator by virtue of her office as public administrator.

For aught the pleadings show, there could have been a valid ground for recommittal on July 16, 1943, which would not only justify, but compel, the appointment of a conservator of plaintiff's estate, and yet circumstances might have arisen subsequent to that time that would justify a writ of habeas corpus issuing in October 1944.

Both plaintiff and defendants rely upon *Hunt v. Hunt,* 83 Colo. 282, 264 Pac. 662. In that case Ralph L. Hunt was adjudged insane by the county court of Montrose county and committed to the state hospital at Pueblo March 1, 1919. His father, Milton Hunt, without notice to Ralph, applied to the county court of Ouray county for letters of conservatorship, was appointed, took possession of personal property and lands of Ralph, and continued in possession until after he had made an accounting and was discharged. Ralph remained in the state hospital until July 22, 1922, when he was discharged on habeas corpus by the district court of Pueblo county on the ground that he had not had five days notice of the hearing before the lunacy commission as required by statute. The order of his commitment was thereafter, on December 8, 1924, vacated by the county court of Montrose county in compliance with our order in *Hunt v. People,* 76 Colo. 231, 230 Pac. 607, on the ground that the matter was res judicata in the habeas corpus proceeding. The Montrose court then dismissed the whole cause, which we noted in *Hunt v. Hunt, supra,* was more than was called for by our decision in *Hunt v. People, supra,* since the court might have appointed a new lunacy commission and have gone on with the case. January 8, 1925, Ralph filed in the county court of

Ouray county a petition to set aside the appointment of a conservator and all other orders entered in the conservatorship matter. The court granted a motion of the father, Milton, to deny relief to his son, except to grant final accounting and discharge of the conservator. We affirmed this judgment, holding that the Ouray county court had jurisdiction to proceed as it did. We also held that the fact that the adjudication by the Montrose court of the lunacy proceedings was afterwards set aside could not affect the jurisdiction of the Ouray court, and, except for the failure to notify plaintiff in error of application for appointment of conservator, the jurisdiction of the Ouray court was complete, and that Ralph by his conduct lost his right to object to this failure.

Counsel for defendants in the instant case rely upon the foregoing from *Hunt v. Hunt, supra,* in support of their position. Counsel for plaintiff relies upon our remarks in denying the petition for rehearing, and especially the concluding paragraph: "If it be claimed that the Ouray county court had no jurisdiction to authorize or order an accounting, we answer that the application of Ralph Hunt to that court to require the conservator to turn over the property to Ralph was a submission by Ralph to the jurisdiction of that court for such purpose. If he desired to repudiate the jurisdiction of that court and not submit himself to it at all, he should have brought an action in some court, say the district court of Ouray or some other county, for the recovery of his property or for damages, and thus secured his rights. In such case it is obvious that if it were shown that he had permitted the defendant therein to expend money for his benefit, that credit for such expenditure would be allowed."

Counsel for plaintiff says that he has followed the very suggestion made in the foregoing paragraph and that it is controlling in the instant case. We are of the opinion that it is not controlling, because it is dicta,

and also because it does not apply to the facts in the instant case. In the Hunt case, Ralph was never given legal notice of the ·proceedings in the Ouray county court and therefore it was argued that that court never obtained jurisdiction over him. In the instant case, plaintiff was before the county court, had due notice of the proceedings, and was represented by counsel. Under these circumstances, we conclude that *Hunt v. Hunt, supra,* supports the position of defendants, rather than that of plaintiff.

█ Summary judgment in the instant case was invoked under Rules 56 (b) and (c), R.C.P. Colo. The granting of it seems to have been proper. *Miller v. Hoffman,* 1 F.R.D. 290-292; *River Junction v. Maryland Casualty Co.,* 110 F. (2d) 278; *Palmer v. Palmer,* 31 F. Supp. 861. It is accordingly affirmed.