**In re the MARRIAGE OF Maren N. NIELSEN, f/k/a Maren N. Irwin, Appellant,**

**and**

**Roy J. Irwin, Appellee.**

**No. 88CA1122.**

Colorado Court of Appeals, Div. I.

Oct. 5, 1989.

G. William Beardslee, P.C., Fort Collins, for appellant.

Frey, Lach & Michaels, P.C., John P. Frey and Thomas E. Callison, Fort Collins, for appellee.

Opinion by Judge JONES.

Maren N. Nielsen (mother) appeals the trial court's dismissal, on jurisdictional grounds, of her motion for modification of custody. We reverse.

In 1983, when the marriage at issue here was dissolved in Colorado, Roy J. Irwin (father) was awarded custody of the parties' two children. He took them to live in Texas in August 1984, where they have continued to reside since then, except for annual periods of visitation with their mother of up to ten weeks each summer, and several other times during the year.

In February 1988, mother filed a motion for modification of custody in the Colorado court in which the original dissolution matter had been decided. Father responded with a motion to dismiss for lack of jurisdiction. The trial court dismissed the motion, on the recommendation of a court referee.

Applying the Uniform Child Custody Jurisdiction Act, § 14–13–101, et seq., C.R.S. (1987 Repl.Vol. 6B) (Uniform Act), the trial court ruled that Colorado did not have jurisdiction under §§ 14–13–104(1)(a), (c), or (d), C.R.S. (1987 Repl.Vol. 6B). The trial court reasoned that if jurisdiction could be found at all in Colorado, it could be found only under § 14–13–104(1)(b), C.R.S. (1987 Repl.Vol. 6B). The court then determined itself to be without jurisdiction to enter orders, finding, under § 14–13–104(1)(b), that Colorado does not have the requisite significant connection with the children so as to give its courts jurisdiction.

Mother contends that the trial court erred in determining that it did not have jurisdiction to hear this case. We agree.

Jurisdiction means the authority to decide a case presented to the court. *Hill v. District Court*, 134 Colo. 369, 304 P.2d 888 (1957). The existence of jurisdiction, generally, is to be distinguished from the exercise thereof. *See Klancher v. Anderson*, 113 Colo. 478, 158 P.2d 923 (1945).

Under the Uniform Act, the question whether jurisdiction exists is distinct from the question whether it should be exercised. *Johnson v. District Court*, 654 P.2d 827 (Colo.1982). The Uniform Act requires that the court first determine whether jurisdiction exists in the state in which that court sits. It must then determine whether it should exercise its jurisdiction. *McCarron v. District Court*, 671 P.2d 953 (Colo.1983). *See also Barden v. Blau*, 712 P.2d 481 (Colo.1986).

Section 14–13–104(1)(b) grants or preserves jurisdiction in a court if:

"It is in the best interest of the child that a court of this state assume jurisdiction because the child and his parents, *or the child and at least one contestant*, have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships." (emphasis added)

Here, a number of factors exist which give the children significant contacts with the state of Colorado. Many of the children's medical, dental, psychological, and academic records are in Colorado. Additionally, the children's mother, grandparents, and extended family live here. The

children visit their mother in Colorado regularly pursuant to court order.

These factors manifest a significant connection with this state. Moreover, § 14–13–104, and § 14–13–105, C.R.S. (1987 Repl.Vol. 6B) express a preference for continuing jurisdiction in the state which issued the original custody order. *See McCarron v. District Court, supra; Barden v. Blau, supra.* Furthermore, these uncontroverted facts establish to a substantial degree the statutory elements of care, protection, training, and personal relationships in Colorado concerning the children. Thus, as a matter of law, the trial court erred in concluding that it was without jurisdiction.

The order is reversed, and the cause is remanded for determination of whether the court should exercise its jurisdiction as to mother's motion.

PIERCE and NEY, JJ., concur.